## ERICKSON v. STATE TAX COMMISSION

Agnes Marie Peterson, St. Helens, argued the cause and filed a brief for plaintiff.

Gerald F. Bartz, Assistant Attorney General, Salem, argued the cause and filed a brief for defendant.

Decision for defendant rendered May 13, 1964.

PETER M. GUNNAR, Judge.

This is a suit to set aside defendant's Opinion and Order No. VL 63-7, in which it affirmed its original determination of 1962 unit value of timber to be removed from plaintiffs' classified reforestation lands under a permit issued pursuant to ORS 321.255 to ORS 321.355. This unit value determines the yield tax to be paid upon removal of the timber.

Plaintiffs own over 900 acres of reforesation lands in Columbia County. In 1962, they applied for a permit

under ORS 321.310 *et seq.* to harvest timber from approximately 200 acres of their lands. After appraisal of the timber, defendant issued plaintiffs its permit numbered 62-19R. In its permit defendant established the unit values of the timber which plaintiffs would cut as follows: Douglas fir sawlogs, all grades, $28.00/Mbf; Hemlock and White Fir sawlogs, all grades, $11.00/Mbf; Cedar, all logs, $9.00/Mbf; and poles and piling, values determined by length on a county-wide basis.

Under ORS 321.355, plaintiffs appealed to defendant for redetermination of these unit values. Defendant's opinion and order affirmed its original determination and plaintiffs now sue to set aside that order and for a redetermination of unit values.

This suit raises no issue of law. The sole issue presented is the factual question of the unit value of plaintiffs' timber harvested in 1962.

■ Oregon's tax laws grant favored treatment to owners of lands being reforested. This favored treatment expresses Oregon public policy to encourage continuous growth and regrowth of the timber necessary for the sustained yield of Oregon's major crop. Lands classified as reforestation lands are removed from the ad valorem assessment rolls and bear only an annual forest fee of five or ten cents an acre. Before removal of timber from reforestation lands, the owner must obtain from defendant a permit under ORS 321.310. This permit establishes the unit value of the timber to be removed. Upon removal, the owner must pay a yield tax of 12.5 per cent of the unit value of each unit removed under the permit. Permits are issued annually.

Defendant determines the unit value to be applied

to each permit. ORS 321.310(2) defines "unit value" as follows:

"(2) * * * The unit value of a particular grade and species is the retail market value thereof for 1,000 board feet or an equivalent value for such other applicable unit of such grade and species for current harvesting and conversion into wood products. The retail market value per unit of measurement of a particular grade and species of timber upon a tract shall be determined by a method which makes reasonable allowance for species, quality, growing conditions, age, volume after allowance for defect and breakage, costs of removal, accessibility to point of conversion, topography, costs of conversion into logs, and any other relevant factors."

Plaintiffs contend that defendant failed to follow the statute in determining plaintiffs' unit values. Their complaints can be summed up as follows: (1) That their 1962 unit values rose too much from those determined in 1960; (2) that defendant's road costs allowed in determining unit values were insufficient; (3) that defendant failed to consider the increase in land tax which rose from five cents to ten cents an acre; (4) that defendant should have treated plaintiffs' logging as a thinning operation rather than as an economic-high-grade cut; and (5) that defendant valued plaintiffs' timber higher than like timber owned by Crown-Zellerbach. At no time did plaintiffs contend that the retail market value of their timber was not equal to, or more than, the unit values used by the commission.

■ Plaintiffs failed to sustain their burden of proof. Possibly because of the small amount involved, plaintiffs offered plaintiff Erickson as their only witness. While legally qualified to testify as an owner, he did

not establish any independent expertise. His testimony was vague and indefinite. He presented no alternate unit value and no basis for determining an alternate value. Most of his testimony attacked defendant's appraisal method and factors and complained vaguely about lower appraisals of Crown-Zellerbach timber in the vicinity. Such negative testimony does not establish an affirmative case. An owner's testimony is always suspect as self-serving. When a plaintiff fails to establish any independent expertise and relies only on his own costs and his unsupported, personal opinions, a court weighs plaintiff's words in the light of his self-interest.

Defendant's witnesses were qualified, knowledgeable experts. Despite able, penetrating cross-examination by plaintiff's counsel, they supported their findings with sufficient data logically arranged and presented. They answered each of plaintiffs' complaints with independent evidence, including graphs of average prices, aerial photographs, and maps. They established the general rise of timber values, plaintiffs' extensive cut in the permit area, and the differences between plaintiffs' operation and other operations in the vicinity. They did not consider the increase in land tax because it meant a total increase cost of $3.00 allocable over more than 350Mbf. *De minimus non curat lex.*

The only error which defendant's appraisers made was their failure to include original road costs in their conversion method approach to value. In this method they allowed costs for regraveling plaintiffs' road but not recovery of their construction costs in 1952. Had this method been the only one used to determine unit value, this error might have affected the result. However, the conversion method arrived at a unit value

just under \$32.00/Mbf. Comparative sales and other approaches were considered in finally determining the lower unit value used in the permit. Consequently this error does not appear to be material in the final result.

In summation, this court finds that plaintiffs failed to carry their burden of proof in their attempt to set aside defendant's determination of 1962 unit values of plaintiffs' timber and that defendant properly and accurately determined the unit value of plaintiffs' timber for 1962.

Defendant shall prepare a decree in accordance with this decision, affirming defendant's determination of the 1962 unit value of plaintiffs' timber as found in Opinion and Order No. VL 63-7 and allowing defendant its costs and disbursements herein incurred.