DECISION
Plaintiff appeals the real market value and penalty assessed for its failure to file personal property tax returns for the 2001-02, 2002-03, 2003-04, 2004-05, 2005-06 and 2006-07 tax years. A trial was held in the Oregon Tax Courtroom on February 14, 2008. Ron Baker (Baker), President, Precision Powder Coating, Inc., appeared on behalf of Plaintiff. Joe Honl (Honl), Appraisal Manager, Clackamas County Assessment and Taxation, appeared on behalf of Defendant.
Honl offered his appraisal report, Exhibits A through D, without objection. Plaintiff failed to exchange its exhibits prior to trial. Honl objected to Baker's request that he be allowed to offer his exhibits into evidence. The court sustained Defendant's objection, noting that at a case management conference held November 21, 2007, the parties agreed to an exchange date. See Tax Court Rules — Magistrate Division 10.
 I. STATEMENT OF FACTS
Baker testified that he is the president of Precision Powder Coating, Inc., which has operated at the same location in Clackamas County since the business opened in 2001. He testified that beginning in 2001, Plaintiff filed timely and accurate returns and reports with over 14 different agencies or entities. Baker testified that the business relied on the services of a bookkeeper and *Page 2 
certified public accountant for all "accounting and business practices." Plaintiff became aware that personal property tax returns must be filed when it received Defendant's Omitted Property Notice, dated May 23, 2007. Defendant added the personal property, identified as Account P2249602, to the tax roll as omitted property for tax years 2001-02, 2002-03, 2003-04, 2004-05, 2005-06 and 2006-07. In addition, Defendant assessed penalties for Plaintiff's failure to file the required returns.
Plaintiff disputes the real market value of the personal property. Baker testified that after attending auctions and reviewing equipment advertised on the internet, he believes that Plaintiff's equipment placed in service in 2000 is worth no more than "20 cents on the dollar." Using the analogy of a new car and the drop in value immediately after that car is driven off the dealer's lot, Baker concluded that Defendant's "cost appraisal is too high." He testified that no one would pay "47 cents on the dollar" for Plaintiff's equipment. Baker testified that he does not think the county's estimate of real market value "fits market sale transactions" between a willing buyer and willing seller. He also testified that it would cost him too much to "go back" in time and have a professional appraiser value each piece of equipment. Baker concluded that "it's not worth it." Baker testified that two pieces of equipment (a vacuum and a spray gun applicator) purchased in 2000 were no longer in service in 2005-06 and 2006-07.
Honl testified that in determining the value of Plaintiff's property, the county relies on the Oregon Department of Revenue (department) guidelines. Using the department's guidelines, Honl identifies the "type of property" and then looks at the "depreciation schedule" to determine assessed value. Honl also testified that the county does not consider auctions to "represent market value" because those sales are often made under "duress." He testified that the county values the property "in place and in use." Honl testified that if equipment is no longer in use, then the county *Page 3 
"does not object" to removing it from the tax roll. He testified that his appraisal was based on the equipment listed on Plaintiff's personal property return.
Plaintiff requests that the court waive or reduce the penalty because Plaintiff relied on tax professionals who failed to advise it of the filing requirement, and because Plaintiff was unaware that it was required to file personal property tax returns. Baker emphasized that Plaintiff diligently files and pays all taxes and assessments. He testified that Plaintiff was not "attempting to avoid or dodge this tax" and he relied on professionals to "tell him" what was required. Baker stated that in November 28, 2006, a county assessor's news release stated the county mails forms to each business required to file a personal property return. Plaintiff was never notified nor received any forms to file a personal property tax return. Baker wondered aloud why the county waited five years to notify Plaintiff. He testified that as soon as Plaintiff received the omitted property notice in 2007, it responded. Honl testified that the county does not believe that Plaintiff "intentionally tried to avoid the tax." He testified that the county does not have the "discretion" to ignore the law. Honl testified that when the county knows that a business is operating in the county it sends out the return forms; however, in this case, it was unaware that Plaintiff was operating a business until 2007 when it received information from a leasing company who listed on its personal property return that it leased equipment to Plaintiff. Honl testified that the county's failure to send out a tax return form does not "negate" the obligation to file.
Baker cited ORS 305.145(4) which allows "the department" (Oregon Department of Revenue) to "establish by rule instances in which the department may, in its discretion, waive any part or all of penalties provided by the laws of the State of Oregon that are collected by the department." He noted the special provision, ORS 305.145(4)(b), for a "first-time offense." *Page 4 
When asked if he had requested that the department use its discretion to waive the penalties, Baker stated that he had not contacted the department.
 II. ANALYSIS
Every person or business that owns "taxable personal property" is required to file a personal property tax return by "March 1" of each year. ORS 308.290(1)(a).[1] If a required return is not filed, any taxpayer responsible for making the filing who has not done so "shall be subject to a penalty equal to 50 percent of the tax attributable to the taxable personal property of the taxpayer." ORS 308.296(4).
1. Penalty
In the case before the court, Plaintiff was notified that its property was added to the tax roll. The Tax Court has authority to waive "the liability for all or a portion of the penalty upon a proper showing ofgood and sufficient cause." ORS 305.422 (emphasis added). A "showing of good and sufficient cause" requires that an extraordinary circumstance occurred that was "beyond the control of the taxpayer." ORS305.288(5)(b)(A).[2]
"Good and sufficient cause" specifically excludes "lack of knowledge." The court has *Page 5 
consistently held that a taxpayer's lack of knowledge does not permit a waiver of the personal property tax penalty. See, e.g., Yip v. ClackamasCounty Assessor, TC-MD No 060641C (Oct 31, 2006) (finding that plaintiff's "[L]ack of knowledge of the filing requirement brings him outside the definition of good and sufficient cause, and precludes him from relief under ORS 305.422."); see also Cup of Joe v. Coos CountyAssessor, TC-MD No 060048E (Apr 6, 2006) (holding that the request for waiver of a personal property tax penalty was denied because the taxpayer was unaware that business personal property is taxable);Photo Solutions, Inc. v. Columbia County Assessor, TC-MD No 070592C (Aug 31, 2007) (holding that Plaintiff's "lack of knowledge regarding the personal property return filing requirements does not excuse the failure to submit timely returns each year and pay the applicable tax when due."). Further, lack of knowledge of a taxpayer's agent does not permit the court to waive penalties when a taxpayer relies on a professional who, in turn, does not know the law, or who knew the law, but failed to notify a taxpayer of the filing requirement. See Camrock Excavation,Inc. v. Multnomah County Assessor, TC-MD No 070464D (June 18, 2007) (holding that the lack of knowledge of Plaintiff's professional advisors did not constitute good and sufficient cause for failing to file the required personal property tax returns).
Plaintiff offers no basis for the court to conclude that the penalty should be waived for good and sufficient cause. Baker's lack of knowledge and that of his agents (bookkeeper and certified accountant) do not meet the requirements of "an extraordinary circumstance" that was "beyond" his control. ORS 305.288(5)(b). Plaintiff's waiver request is denied. *Page 6 
2. Real Market Value
The second issue before the court is the real market value of Plaintiff's personal property. Real market value is defined in ORS308.205(1), which reads:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's length transaction occurring as of the assessment date for the tax year."
Plaintiff must present evidence of real market value.
3. Burden of Proof
"In all proceedings before the judge or a magistrate of the tax court and upon appeal
therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the partyseeking affirmative relief." ORS 305.427 (emphasis added). Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. ofRev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. ofRev., 4 OTR 302 (1971)). This court has stated that "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the RMV of their property." Poddar v. Dept. ofRev., 18 OTR 324, 332 (quoting Woods v. Dept. of Rev., 16 OTR 56, 59
(2002) (citation omitted)).
Baker challenged the real market values determined by the county, however, he offered no competent evidence, e.g., an appraisal or comparable sales data, to support his assertion that the real market value was incorrect. Baker testified that based on his attendance at auctions and internet research he concluded that Defendant's values were overstated. "When a plaintiff fails to establish any independent expertise and relies only on his * * * unsupported, personal opinions, *Page 7 
a court weights plaintiff's words in the light of his self-interest."Erickson v. Commission, 1 OTR 626, 629 (1964). Baker did not submit any evidence to support his testimony. He failed to present competent evidence of the personal property's real market value.
Defendant's personal property appraisal report was based on the department's guidelines, which are used statewide by all counties. Defendant's appraisal report stated that the use of department guidelines "is intended to secure uniformity in the assessment of personal property throughout Oregon. Clackamas County uses this method for all its personal property accounts." (Def's Ex A.) Defendant provided a copy of the department's Personal Property Valuation Guidelines for 2007. (Def's Ex C-1.) In the Introduction, the department states that the purpose of its "publication is to: * * * Secure uniformity in the assessment of personal property according to Oregon's ad valorem tax laws. [ORS 306.120(1)]." (Def's Ex C-4.) Plaintiff offered no competent evidence to show that the Department's guidelines are not applicable to Plaintiff's personal property.
The list of personal property was taken from Plaintiff's listing of assets. Baker stated that two assets purchased in 2000 were retired from service. He testified that as of January 1, 2005, Plaintiff was no longer using a vacuum (original cost: $1,420) and spray gun applicator ($4,920). (Def's Ex D-5.) Honl agreed that if those assets are no longer in service they should be removed from the assessed value. Because those assets are no longer in use, the assessed value shall be removed from the tax roll for tax years 2005-06 and 2006-07.
 III. CONCLUSION
After reviewing the testimony, the court concludes that Plaintiff's lack of knowledge, and the lack of knowledge of its professional advisors, do not constitute good and sufficient cause for failing to file the required personal property tax returns. Plaintiff's request to waive or reduce the *Page 8 
amount of the assessed penalties is denied. Plaintiff failed to carry the burden of proof as to the real market value of its personal property. Defendant's determination of assessed value is accepted for all years except 2005-06 and 2006-07. The assessed value in those years must be reduced for the two assets, the vacuum and the spray gun applicator, that were no longer in use. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's request that the penalties assessed be waived is denied; and
IT IS FURTHER DECIDED that the real market values determined by Defendant are correct for all tax years, except 2005-06 and 2006-07, which must be reduced for the disposition of two assets, the vacuum and the spray gun applicator, that were acquired in 2000.
Dated this ___ day of April 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onApril 4, 2008. The Court filed and entered this document on April 4,2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] The term "good and sufficient cause" is not defined in ORS305.422. The court in prior Decisions concluded that the definition of good and sufficient cause set forth in ORS 305.288(5)(b) is a useful guide. ORS 305.288(5)(b) provides that:
"(b) `Good and sufficient cause':
"(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent
or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of
appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information." *Page 1