DECISION OF DISMISSAL
Plaintiff appeals the 2008-09 real market value of his property identified as Account 4062434.
 I. STATEMENT OF FACTS
On May 11, 2009, a telephone case management conference was held. Plaintiff appeared on his own behalf. Bryce Krehbiel (Krehbiel), Appraiser, appeared on behalf of Defendant.
During the conference, Plaintiff verbally stated that he was requesting that the court set the real market value of his property at the 2007-08 real market value of $15,250. Plaintiff stated that the court should reduce the property value for the 2008-09 tax year to the 2007-08 real market value based on Defendant's letter dated July 13, 2007, which described the change in values for property located in the Lakewood Mobile Home Park for the 2007-08 tax year. (Ptf's Ex 4.) Krehbiel verbally stated that he did not agree that the tax roll values should be reduced. He briefly reviewed three unadjusted sales, which he concluded were comparable to Plaintiff's property. Those unadjusted sales indicated a real market value in excess of the value stated on the tax roll.
Because the parties were not in agreement, the court stated that the next step was a trial. Plaintiff would not agree to set a trial date. *Page 2 
Plaintiff stated that he was not withdrawing his appeal but would not set a trial date or submit any evidence such as an appraisal report or comparable sales to support his requested real market value. He stated that Defendant's July 13, 2007, letter was sufficient evidence for the court to determine the real market value as of the assessment date, January 1, 2008. Plaintiff stated that he planned to file a class action suit in federal court and that the court would help him in his efforts to seek federal court review by issuing a decision denying his requested real market value.
 II. ANALYSIS
Plaintiff refused to set a trial date. Plaintiff has the burden of presenting evidence of real market value as of the assessment date, January 1, 2008. "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shallfall upon the party seeking affirmative relief[.]" ORS 305.427 (2005) (emphasis added). Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence."Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Fevesv. Dept. of Rev., 4 OTR 302 (1971)). This court has stated that "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the RMV of their property." Freitagv. Dept. of Rev., 18 OTR 368, 374 (2005) (citing Poddar v. Dept. of Rev.,18 OTR 324, 332 (Sept 1, 2005, as corrected Sept 22, 2005)) (quotingWoods v. Dept. of Rev., 16 OTR 56, 59 (2002) (citation omitted)). Plaintiff presented no evidence of the real market value as of the assessment date, e.g., appraisal reports, comparable sales, or similar evidence, other than voicing a concern about the real market value for 2008-09. *Page 3 
 III. CONCLUSION
Because Plaintiff refused to set a trial date and submitted no evidence of the 2008-09 real market value to support the relief request, Plaintiff's appeal is dismissed for lack of prosecution. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.
Dated this ___ day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onJune 3, 2009. The Court filed and entered this document on June 3,2009. *Page 1