DECISION
Plaintiff appeals Defendant's Notices of Intention to Add Omitted Property (Notices), for Accounts 0666691 and 1738093, dated October 18, 2008.[1]
A trial was held in the Oregon Tax Court courtroom, Salem, Oregon on April 16, 2009. Plaintiff appeared on his own behalf. Marc Kardell, Assistant County Counsel, appeared on behalf of Defendant. Bryce Krehbiel (Krehbiel), Residential Appraiser III, testified.
 I. STATEMENT OF FACTS
As a result of Plaintiff's land partition in 2003, the value of Plaintiff's land was divided among three tax accounts, 0666691, 0666683 and 1738093. Defendant prematurely segregated the values among the tax accounts. See Lane County Assessor v. Patrick M. Flynn Jr., TC-MD No 060086C and Patrick M. Flynn Jr. v. Lane County Assessor, TC-MD No 060109C. Defendant issued Notices to properly record the land values in Accounts 0666691 and 1738093. Plaintiff appeals Defendant's Notices.
 II. ANALYSIS
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon theparty seeking affirmative relief." ORS 305.427 (2005) *Page 2 
(emphasis added). Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence."Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Fevesv. Dept. of Rev., 4 OTR 302 (1971)). This court has stated that "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the RMV of their property." Freitagv. Dept. of Rev., 18 OTR 368, 374 (2005) (citing Poddar v. Dept. of Rev., 18 OTR 324,332 (Sept 1, 2005, as corrected Sept 22, 2005)) (quoting Woodsv. Dept. of Rev., 16 OTR 56, 59 (2002) (citation omitted).
Plaintiff presented no evidence, e.g., appraisal reports, comparable sales, or similar evidence, other than voicing a concern about the real market values set forth in the Notices. Plaintiff had the burden of presenting evidence of real market value as of the assessment date, January 1, for each of the tax years he was appealing. Plaintiff never advised the court of the values he was requesting. Plaintiff erroneously believed that, because Defendant failed to change the tax roll to comply with the court's Judgments filed April 27, 2007, he was excused from presenting evidence in support of his allegations. Plaintiff challenged the Notices; he had the burden of offering evidence in support of his challenge. The burden of proof shifts to Defendant after Plaintiff presents evidence in support of his requested values. Plaintiff did not carry his burden of proof and Defendant's Notices are accepted.
 III. CONCLUSION
Plaintiff failed to present any evidence in support of his assertion that Defendant's Notices incorrectly stated the real market value of his property for any or all of the tax years appealed. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this _____ day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onJune 3, 2009. The Court filed and entered this document on June 3,2009.
[1] Plaintiff orally amended his Complaint to relate to his other Complaint, TC-MD 080542D.