DECISION
Plaintiff appeals the real market value of property, identified as Account 05013811, for tax year 2008-09. A trial was held in the Oregon Tax courtroom on April 5, 2010. Plaintiff appeared on his own behalf. Geoff Bennett (Bennett), Appraiser II, appeared on behalf of Defendant.
Plaintiff's Exhibit 1 and numerous unmarked exhibits and pictures were accepted without objection. Defendant's Exhibit A was accepted without objection.
 I. STATEMENT OF FACTS
Plaintiff purchased the subject property, "a custom built daylight ranch home" with approximately 5,000 square feet of living space, on October 27, 2008. (Def's Exs A-1, A-3, A-14.) Plaintiff paid $612,000 for the subject property that as of March 5, 2009, was determined to be 76 percent complete as of the assessment date, January 1, 2008. (Def's Ex A-14, A-27.) Plaintiff testified that he disagrees that the property was 76 percent complete as of the assessment date; he estimates it was 85 to 90 percent complete because it only "cost" him "approximately $26,000" to complete the interior of the home and it "still does not have landscaping." Bennett asked Plaintiff if the costs were "actual costs," "contractors' costs," or the "market value added to the house for its completion." Plaintiff testified that the amounts reported are "actual costs." *Page 2 
Plaintiff appeals the Clackamas County Board of Property Tax Appeals Order, mailed April 2, 2009, determining a real market value of $702,713 for the subject property which it concluded was 76 percent complete. (Ptf's Compl at 4.) Plaintiff testified that the real market value of the subject property as of January 1, 2008, would be $765,000 if it had been 100 percent complete. Using Plaintiff's 85 to 90 percent complete percentage, Plaintiff's estimate of real market value would be $650,250 to $688,500. Plaintiff, who is not a certified appraiser or licensed real estate broker, did not submit an appraisal report or similar evidence to the court to support his determination of value.
Bennett concluded that the subject property's real market value was $711,403. He used the market approach, which he concluded was "the best indicator of value as it shows arms-length transactions between an informed buyer and seller that are not under any distress." (Def's Ex A-14.) He testified that his evidence, six comparable sales, supports "a total RMV of the Subject Property, on January 1, 2008 to be $830,000 at 100% complete." (Id.) Bennett stated that he gave most weight to comparable sale #1 "due to proximity to subject, its sale date being very close to the assessment date, and nearly identical architectural design and footprint" as the subject property. (Id.) Plaintiff's testimony challenged some of Bennett's adjustments to the properties identified as comparable to the subject property and concluded that Bennett's adjustments for landscaping, in particular, were understated. Plaintiff submitted a list of adjustments totaling $181,500 that should be made to the sale price of comparable sale #1. (Ptf's Ltr, Feb 18, 2010, at 6.)
Using the cost approach, Bennett concluded that the subject property's real market value was $704,548. (Def's Ex A-13.) He testified that as of the assessment date the land was "100 percent complete" because all on-site developments were in place. Bennett stated that he determined the land real market value ($335,847) by relying on three land sales, including the *Page 3 
sale of a similar sized view lot located next door to the subject property. (Def's Ex A-12.) Bennett testified it was the "improvement" that was 76 percent complete. He used the "Oregon State Cost Factor book and adjusted for local market conditions" to compute a 100 percent complete improvement real market value of $485,133 and a 76 percent complete real market value of $368,701. (Def's Ex A-13.) Bennett added the land value ($335,847) to the 76 percent complete real market value ($368,701) to determine an "Indicated Value by Cost Approach @ 76% Complete" of $704,548. (Id.)
Bennett testified that Riggio Custom Homes built the subject property and, in its Claim of Construction Lien filed against the original owner of the subject property, the materials and labor contract amount was $529,481.80. (Def's Ex A-30.) He testified that 76 percent of the "contracted amount" added to "the land real market value" totals $738,253, which "supports the assessor's roll value."
In sum, Bennett concluded that both the market value approach and cost approach support "the Assessor's Roll Value of $702,713. (Def's Ex A-14.)
Bennett testified that Plaintiff purchased the subject property in October, 2008, paying $612,000 for a 76 percent complete structure. He testified that Happy Valley, where the property is located, "experienced dramatic decreases in value at a rate of 1.75% per month, during calendar year 2008. Back trending the $612,000 sale price to the January 1, 2008 assessment date, results in a total real market value of the subject at 76% complete of $719,100. That value supports the Assessor's Roll Value of $702,713 with the dwelling at 76% complete on the assessment date." (Def's Ex A-14.)
 II. ANALYSIS
Plaintiff appeals the 2008-09 real market value of the subject property. Real market value is the standard used throughout the ad valorem statutes except for special assessments. *Page 4 Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620, at *2 (Mar 26, 2003) (citing Gangle v. Dept. ofRev., 13 OTR 343, 353 (1995)). Real market value is defined in ORS 308.205(1), [1] which reads:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's length transaction occurring as of the assessment date for the tax year."
However, this court has previously concluded that real market value "assumes an active or `immediate' market by which value can be inferred from a number of transactions."Watkins v. Dept. of Rev.,14 OTR 227, 229 (1997). The Watkins court continued, stating that "[r]arely is there a market for partially completed structures." Id. The court suggested that "statewide" data can be collected and compiled into cost factors that can be adjusted by the county assessor for local conditions. Id. Those factors can then be used to estimate the total cost of a house in a given location. Another equally satisfactory method is for the assessor to total the cost of the work completed as of the assessment date.Id. at 230.
The court follows its prior holding that the cost approach is "generally accurate for new construction." Watkins,14 OTR at 229. In the case before the court, Defendant provided the court with the cost approach. Using cost factors, Bennett concluded that the subject property's real market value was $704,548. (Def's Ex A-13.) Bennett concluded that the cost of the work completed as of the assessment date including land was $738,253. Both the cost factors data and cost of work completed as of the assessment date support the tax roll real market value of $702.713. / / / *Page 5 
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427. Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. ofRev., 4 OTR 302 (1971)). This court has stated that "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the REAL MARKET VALUE of their property." Poddar v. Dept. of Rev.,18 OTR 324, 332 (2005) (quoting Woods v. Dept. of Rev.,16 OTR 56, 59 (2002) (citation omitted). Plaintiff submitted no cost information.
 III. CONCLUSION
The court concludes that the cost approach is the only acceptable method of valuation. After carefully considering the testimony and evidence, the court finds that the real market value of Plaintiff s subject property as of the assessment date is $702,713. Now, therefore,
IT IS THE DECISION OF THIS COURT that the real market value of the subject property identified as Account 05013811, as of the assessment date of January 1, 2008, is $702,713.
Dated this ___ day of June 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR. Your Complaint must besubmitted within 60 days after the date of the Decision or thisDecision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A.Tanner on June 17, 2010. The Court filed and entered this documenton June 17, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.