DECISION
Plaintiff appeals the 2009-10 real market value of property identified as Account 1220. In his letter dated November 14, 2010, Plaintiff wrote:
 "Since I physically cannot come to Salem and got nose bleeds after pre-trial conference by not being able to hear or understand most of the verbiage that was used in the conversation on the telephone, I suggest we let the documents speak for themselves."
Plaintiff outlined how he planned to deliver the referenced "documents" to Defendant and the court and Defendant accepted his proposal. The court canceled the in person trial scheduled for November 30, 2010.
Plaintiffs Exhibits 1 through 28, Defendant's Exhibits A through D, Plaintiffs Motion for Summary Judgment, dated November 26, 2010, Plaintiffs explanation of Exhibits, dated November 26, 2010, [1] and Defendant's Response to Motion for Summary Judgment, dated December 2, 2010, were admitted without objection.
 I. STATEMENT OF FACTS
Plaintiff requests a "reduction in the value of the trees" located on his land. (Ptf s Mot for Summ J at 1.) Plaintiff submitted no evidence of value. In response, Defendant's authorized *Page 2 
representative, Darlene Lufkin (Lufkin) states that the "trees are not valued or assessed. The land receives a Small Tract Forestland (STF) special assessment. The taxable value is based on the lower value (MSAV) of $11.56 per acre for 2009-10." (Def's Resp to Mot for Summ J at 1.) Lufkin states that the land is "valued as Highest and Best Timberland using the 1990 base land study. This base value has been trended to the 2009 real market." (Def's Ex A at 5.) Lufkin states that if Plaintiff wants to appeal the "Designated Timberland value[,] [that value] must be appealed under procedure outlined by ORS 321.219." (Def's Ex A at 1.) In his letter dated November 26, 2010, Plaintiff stated
 "Ms. Lufkin is right. When you put in forestland taxation it is not the trees that have the value, it is the trees that make the value of the land, so it is land value on a special assessment. * * * According to the document she has filed with your office, I should have been given the opportunity to have the $11.56 per acre because 90% of the soils are at least Class VII."
(Ptf's Ltr at 3, Nov 26, 2010.)
Plaintiff requests a "reduction of the value of the building." (Ptf's Mot for Summ J at 1.) Relying on Exhibits 9 through 26, Plaintiff wrote that those exhibits "show the past use of the building, the condition of the building, past valuation of the building and the cost of repairing the building." (Id.) Plaintiff states that Exhibits 9 through 15 show "the damage to the outside of the cabin," Exhibit 16 "shows the cabin" without any steps, and Exhibits 17 and 18 "shows the interior of the cabin has not been completed and was only used for storage while I worked on the property." (Ptf's Ltr at 1, Nov 26, 2010.) Plaintiff requests that the court "deduct the cost of all the repairs at this time from the building on the assessed value of February 23rd 2004, Exhibit 19." (Id. at 3.) Plaintiff submitted three bids dated May 13, 2010, July 5, 2010, and July 19, 2010, and totaling $13,754, for the referenced repairs. (Ptf's Exs 24 through 26.) *Page 3 
Defendant concludes that Plaintiff's evidence "is not definitive of any value." (Def's Resp at 1.) Relying on a market related cost approach, Defendant wrote that "Defendant's opinion of value ($37,270) considers the structure's [] partial completion, substandard quality * * *, seasonal use (functional obsolescence), and an adjustment for repairs of minimal damage to siding based on [a] physical inspection of the structure." (Id.) Lufkin stated that the "[s]tructure is valued as a Quality Class 1 Residence and using the construction Progress Report * * *, completion is approximately 88% complete. An additional 50% adjustment is applied for function and seasonal use." (Def's Ex A at 5.) Lufkin concluded that "the Market Related Cost Approach is given the most weight in subject value conclusion and recommendation [because] [t]his approach to value best representates (sic) a value for the subject with construction partially complete." (Def's Ex A at 3.) In support of her determination of value, Lufkin submitted a market comparison analysis, indicating "a potential value range of $102,095 to $118,000 the market would recognize for subject property with construction complete." (Def's Ex A at 15.) Lufkin concluded that the market comparison approach "to value is determined to be the least supportable due to market activity available [and the] incomplete construction of the subject." (Id.) Defendant requests that Real Market Value — Exception be added to the tax roll in the amount of $6,890 because the subject property had been listed on the 2009-10 tax roll as 35 percent complete. (Def's Ex A at 5.)
Plaintiff requests "a 25% reduction in my actual tax bill because of the condition of the road for wintertime driving. Exhibits 1-8 show the condition of the road, December 1, 2009 *Page 4 
within a mile of my gate to the cabin, both East and West." (Ptf's Mot for Summ J at 3.) Plaintiff wrote:
 "Exhibits 1-6: Shows the condition of the road on the 1st of December 2009. After the frost goes out in the Spring it is really deteriorated.
 "Exhibit 7: Shows the east end of Winslow Road and across the street, the sign indicating `not maintained for winter travel.'"
 "Exhibit 8: Shows the west end of Winslow Road with the sign across the street indicating `not maintained for winter travel' and full of bullet holes."
(Ptf's Ltr at 1, Nov 26, 2010.)
Lufkin responds stating that "Plaintiff request `reduction of tax' does not address value which is basis of this appeal." (Def's Resp at 1.)
 II. ANALYSIS
At issue in this case is the subject property's real market value for tax year 2009-10. Real market value is defined in ORS 308.205(1)[2] which reads:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
There are three methods used to determine real market value: (1) the cost approach, (2) the sales-comparison or comparable sales approach, and (3) the income approach. ORS 308.205(2); OAR 150-308.205-(A)(2) (stating that all three approaches to valuation of real property must be considered, although all three may not be applicable to the valuation of the subject property). Plaintiff submitted no evidence using any of the three methods to value the subject property.
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The *Page 4 burden of proof shall fall upon the party seeking affirmativerelief." ORS 305.427 (emphasis added). Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. ofRev., TC No 4530 at 4 (July 12, 2001) (citingFeves v. Dept. of Rev., 4 OTR 302 (1971)). This court has stated that "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the [real market value] of their property." Poddar v. Dept. of Rev.,18 OTR 324, 332 (2005) (quoting Woods v. Dept. of Rev.,16 OTR 56, 59 (2002) (citation omitted).)
Plaintiff presented no evidence of the real market value of the subject property as of the assessment date, January 1, 2009. Plaintiff requests that the real market value of the subject property be reduced for items he identified that need to be repaired. Unfortunately, the court has no evidence of real market value from which to consider the applicability of Plaintiff's requested reduction for items he identified that need to be repaired. Plaintiff conceded that the value of the trees is not at issue and he presented no evidence of the real market value of the subject property's land. Plaintiff's request that the court reduce his "actual tax bill" is not a jusiticable issue for this court to consider. The court's jurisdiction in this case is limited to the real market value of the subject property. A determination of real market value including the impact of access on the subject property's real market value could have resulted in a reduction in Plaintiff's "actual tax bill" if any evidence of that impact on real market value had been presented.
Defendant requests that the court increase the real market value of the subject property's improvement. Even though Plaintiff failed to carry his burden of proof and the "burden of going forward with the evidence" has not shifted, the court has jurisdiction to determine the "real market value or correct valuation on the basis of the evidence before the court* * *". ORS 305.427; ORS 305.412. Defendant alleges that, at some point in time, the subject property's *Page 5 
improvement was completed, changing from 35 percent complete to 88 percent complete. Defendant requests that the court conclude that the completion occurred in the 2009-10 tax year and that exception real market value be added to the tax roll. Defendant has not inspected the property for many years and did not present evidence showing that the improvement was completed during the 2009-10 tax year. Defendant determined the exception real market value to be $6,890. ORS 308.149(5)(b) states in pertinent part that "`[n]ew property or new improvements' does not include changes in the value of the property as the result of: * * * (B) [m]inor construction." Minor construction is defined as "additions of real property improvements, the real market value of which does not exceed $10,000 in any assessment year or $25,000 for cumulative additions made over five assessment years." ORS 308.149(6). Defendant's requested exception real market value meets the statutory definition of minor construction and cannot be added to the tax roll value in the assessment year before the court.
 III. CONCLUSION
Because Plaintiff failed to submit any evidence of the real market value of the subject property as of the assessment date, Plaintiff's appeal is dismissed. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.
Dated this _____ day of February 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand deliveryto: Fourth Floor, 1241 State Street, Salem, OR. *Page 6 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on February 22, 2011. The Court filed and entered thisdocument on February 22, 2011.
[1] Plaintiff's explanation of exhibits is contained in a letter dated November 26, 2010, but filed with the court on December 29, 2010. The court will reference that explanation as Plaintiff's letter of November 26, 2010.
[2] All references to the Oregon Revised Statues (ORS) and the Oregon Administrative Rules (OAR) are to 2007. *Page 1