IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

CLINE BUTTE UTILITIES, LLC,         )
                                         )
        Plaintiff,               )    TC-MD 110197C
                                         )
        v.                         )
                                         )
DESCHUTES COUNTY ASSESSOR,     )
                                         )
        Defendant.            )    **DECISION**

Plaintiff appeals 2010-11 real market value (RMV) of an undeveloped lot (Lot "J"),

identified in the assessor's records as Account 205488, that contains a service well for

domestic/irrigation water distribution and a well pump house. Trial on the matter was held by

telephone February 1, 2012. Plaintiff was represented by Lesley Edwards (Edwards), an Oregon

licensed appraiser. Defendant was represented by Sharra Tisiot (Tisiot), an Oregon registered

appraiser working in and for the Deschutes County Assessor's Office.

Plaintiff submitted a copy of the "Declaration Annexing Phase 1 of Highland Ridge

Homsites to The Ridge at Eagle Crest" and a chart indicating roll values (RMVs) for other area

well sites (Ptf's Exs A, B.) Defendant submitted a 143 page Summary Appraisal Report

(Summary). (Def's Ex A.) The Summary includes an explanation of Defendant's assessment

process, comparable sales data, photos of Lot "J", a plat for The Ridge at Eagle Crest housing

development (the Ridge), a copy of Deschutes County Code (DCC) chapter 18.113 (which

explains available uses for Destination Resort Zone property), and a copy of the Declaration of

Protective Covenants, Conditions, Restrictions and Easements for the Ridge.

## I. STATEMENT OF FACTS

This appeal involves the RMV of Lot "J" in the Ridge housing development, located in

Deschutes County. (Def's Ex A at 9.) Plaintiff requests a reduction in the RMV and assessed

value (AV) to $13,640.[1] Defendant requests that the RMV be sustained at $233,640 (as reduced by the county board of property tax appeals from $304,710). (Def's Ex A at 22; *See* Ptf's Compl at 7.)

Lot "J" is owned by Plaintiff - Cline Butte Utilities, LLC. (Ptf's Compl at 2.) Lot "J" was platted as "Developers Lot J" by Eagle Crest, Inc., and subsequently sold to the Cline Butte Utility Company in 2002 for $5,000. (*Id.*; Def's Ex A at 32.) The well pump house was built in 2003. (Def's Ex A at 25.) In 2011, Cline Butte Utility Company granted title in Lot "J" to Cline Butte Utilities, LLC. (*Id*. at 33.)

Lot "J" is a non-residential lot situated on Eagle Crest Boulevard; it is separated from the Ridge's residential lots by two common lots (Lot "B" and Lot "D") and is adjacent to a two-acre parcel with an electrical substation (Lot "109"). (Pft's Ex A at 2; Def's Ex A at 9, 12.) Lot "J" is a 0.9 acre lot and contains a 384 square-foot well pump house built in 2003. (Def's Ex A at 5.) Lot "J" is the site of well number nine; the well is used for domestic/irrigation water distribution to support the residential lots of the newer phases of the Ridge. (Def's Ex A at 5, 10, 11, 14.) Lot "J" is zoned Exclusive Farm Use Sisters/Cloverdale Subzone (EFUSC) and is subject to DCC 18.16.035 (Exclusive Farm Use Zones, Destination Resorts). (Def's Ex A at 6.) There is an easement across the common area roadways of the Ridge that allows access to Lot "J" and the electrical substation. (Ptf's Ex A at 3.)

Plaintiff submitted the roll values for six other local well sites as evidence of the RMV of Lot "J". (*See* Ptf's Ex B.) Two of the properties are well sites owned by Plaintiff and are located within the Ridge development. (*Id.*) One of the two is a 0.24 acre lot with a roll value of $2,840 (RMV), and the second is a 0.72 acre parcel with two wells (wells number six and seven) on the

---

[1] Plaintiff requests an AV of $13,640 presumably because $13,640 is below the property's current maximum assessed value (MAV) of $162,150. *See generally* ORS 308.146(2) (2009) (providing generally that AV is the lesser of the property's MAV or RMV).

rolls at $10,730 (RMV). (*Id.*; Testimony of Tisiot, February 1, 2012.) The other four well sites presented by Plaintiff are exempt from taxation. (*Id.*) Tisiot testified that the four exempt well sites were at one time centrally assessed by the Oregon Department of Revenue and that when assessment responsibility was transferred to the county, the exempt status of those four properties was overlooked. Tisiot further testified that three of the four well sites should not be exempt. The roll values for all six of Plaintiff's comparable properties range from $0 to $17,470. (Ptf's Ex B.) Based on roll value information, Plaintiff suggests an RMV for Lot "J" of $13,640; $10,000 for the lot and $3,640 for the well pump house (which is the value the county assessed the well pump house).

## II.  ANALYSIS.

The issue before the court is the RMV of Plaintiff's Lot "J" for the 2010-11 tax year. "Real market value is the standard used throughout the ad valorem statutes, except for special assessments." *Richardson v. Clackamas County Assessor*, TC-MD No 020869D, WL 21263620 at \*2 (Mar 26, 2003) (citing *Gangle v. Dept. of Rev.*, 13 OTR 343, 345 (1995)). RMV is defined in ORS 308.205(1), as follows:

> "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."[2]

The assessment date for the 2010-11 tax year was January 1, 2010. ORS 308.007; ORS 308.210. "The value of property is ultimately a question of fact[.]" *Chart Development Corp. v. Dept. of Rev.*, 16 OTR 9, 11 (2001). The party seeking affirmative relief has the burden of proof, and initially, the burden of going forward with the evidence. ORS 305.427.

---

[2] All references to the Oregon Revised Statues (ORS) and to the Oregon Administrative Rules (OAR) are to 2009.

"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *."

*Id.*

This court has previously stated that "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue.*, 4 OTR 302, 312 (1971); *see also Riley Hill General Contractor v. Tandy Corp.*, 303 Or 390, 394, 737 P2d 595 (1987) (where the Oregon Supreme Court explained that "preponderance" is derived from a Latin word that "translates to 'outweigh, be of greater weight[]' " (citation omitted)). The burden of proof requires that the party seeking relief (Plaintiff in this case) provide evidence to support its request. The evidence that Plaintiff provides must be competent evidence of the requested RMV in order to sustain its burden of proof. *See Woods v. Dept. of Rev.* (*Woods*), 16 OTR 56, 59 (2002). Evidence that is inconclusive or unpersuasive is insufficient to sustain the burden of proof. *Reed v. Dept. of Rev.* (*Reed*), 310 Or 260, 265, 798 P2d 235 (1990). If the party bearing the burden of proof fails to sustain that burden, the court's final order will sustain the value on the tax roll. *See id.*

RMV "shall be determined by methods and procedures in accordance with rules adopted by the Department of Revenue and in accordance with [certain statutorily enumerated principles][.]" ORS 308.205(2). The statutory principles that guide the Department of Revenue in its promulgation of valuation methods and procedures require that RMV determination be based on "[t]he amount a typical seller would accept or the amount a typical buyer would offer that could reasonably be accepted by a seller of property[,]" and explain that "[a]n amount in cash shall be considered the equivalent of a financing method that is typical for a property." ORS 308.205(2)(a), (b).

/ / /

DECISION TC-MD 110197C 4

The Department of Revenue's rule, in turn, generally provides for the valuation of all real property based on the *consideration* of three standard approaches to valuation. OAR 150-308.205-(A)(2)(a). Those approaches are the sales comparison approach, the cost approach, and the income approach. *Id.*; *see also Allen v. Dept. of Rev.*, 17 OTR 248, 252 (2003); Appraisal Institute, *The Appraisal of Real Estate* 130 (13th ed 2008). The rule does not require the *use* of all three approaches, but merely consideration thereof.

Although Plaintiff was represented by an Oregon licensed appraiser, Plaintiff did not submit an appraisal or any other document employing any of the three generally accepted approaches to value discussed immediately above. Plaintiff submitted the roll values for six other local well sites as evidence of the RMV of Lot "J". Based on roll value information, Plaintiff suggests an RMV for Lot "J" of $13,640; $10,000 for the lot and $3,640 for the well pump house (which is the value the county assessed the well pump house). However, roll values may or may not reflect actual market values, and so, they are of limited use in determining the value of other properties. *See Sheikh v. Multnomah County Assessor*, TC-MD No 110224C, WL 6230133 at *2 (Dec 14, 2011). This court has previously rejected the use of roll values as competent evidence of a property's RMV. *E.g., id; Foley v. Multnomah County Assessor*, TC-MD 090832C, WL 2751120 at *3 (July 123, 2010). Plaintiff offered no other evidence.

Defendant, on the other hand, submitted an appraisal report that valued the subject property at $235,500, with $230,000 for the land and $5,500 for the improvements (well pump house). (Def's Ex A at 21.) That value is slightly higher than the $233,640 RMV on the rolls (as reduced by the county board of property tax appeals). Defendant relied on the cost approach in valuing the well pump house and the sales comparison approach in valuing the land. (*Id*. at 15, 17.)

/ / /

The evidence that a plaintiff provides must be competent evidence of the requested RMV of the property in order to sustain the burden of proof. *See Woods,* 16 OTR at 59. Evidence that is inconclusive or unpersuasive is insufficient to sustain the burden of proof. *Reed*, 310 Or at 265. In the present matter, Plaintiff has presented nothing more than roll values of other allegedly similar properties. Accordingly, Plaintiff has failed to meet the requisite burden of proof.

III. CONCLUSION

After careful consideration of the evidence, the court concludes that Plaintiff has failed to carry its burden of proof to support its requested RMV for the subject property, Account 205488, for the 2010-11 tax year. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ___ day of April 2012.

JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on April 30, 2012. The Court filed and entered this document on April 30, 2012.*