IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

BENJAMIN CLAPA,             )
                                       )
          Plaintiff,          )   TC-MD 111120D
                                       )
      v.                   )
                                       )
MULTNOMAH COUNTY ASSESSOR,   )
                                       )
          Defendant.     )  **DECISION**

Plaintiff appeals the 2010-11 real market value of property identified as Account R179125 (subject property).[1]  A trial was held in the Oregon Tax Courtroom, Salem, Oregon on April 3, 2012.  Plaintiff appeared on his own behalf.  Jeffrey Brown (Brown), Real Property Appraiser, Multnomah County Oregon, Division of Assessment, Recording & Taxation, appeared on behalf of Defendant.

Defendant's Exhibit A was admitted, noting Plaintiff's objection.  Plaintiff objected to Defendant's evidence being admitted, stating that his evidence was not admitted even though he brought his comparable sales data to court.

## I.  STATEMENT OF FACTS

Plaintiff testified that he has been a real estate broker for more than 30 years.  He testified that he purchased the subject property in 2005, paying $115,000.  Plaintiff testified that 2005 was the "peak of the market" and since then, the market has gone "down, big time."  In response to Brown's question, Plaintiff testified that as of February 2, 2010, he listed the subject property for sale at a price of $279,950.  He testified that because he is a broker it "cost nothing" for him to

---

[1] Defendant filed a Motion to Dismiss with its Answer, filed May 31, 2011, stating that Plaintiff's appeal was not filed timely.  Plaintiff's requested relief met the statutory requirement of ORS 305.288(1) (2009), alleging a "difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year" that "is equal to or greater than 20 percent."  Defendant's Motion to Dismiss was denied and the above-entitled matter was set for trial.

list the property and he had no offers. Plaintiff testified that he believes his requested 2010-11 real market value of $87,000 was the subject property's real market value as of January 1, 2010.

Brown offered Defendant's Appraisal Report, stating that even though "all three approaches to value were considered in the course of this appraisal process * * * the Sales Comparison Approach was regarded as the most relevant and reliable valuation method for the subject property * * *." (Def's Ex A at 4.) The report stated that "[t]he adjusted sales prices [of the three] comparable[] [properties] range[] from $179,350 to $182,600[,]" concluding that "a retrospective estimate of market value of $181,000 is indicated and well supported." (*Id.*) The Multnomah County Board of Property Tax Appeals Order, dated March 4, 2011, determined a real market value of $159,690. (Ptf's Compl at 2.)

## II. ANALYSIS

The issue before this court is the subject property's real market value for the tax year 2010-11. "Real market value is the standard used throughout the ad valorem statutes except for special assessments." *Richardson v. Clackamas County Assessor,* TC–MD No 020869D, WL 21263620, at *2 (Mar 26, 2003) (citing *Gangle v. Dept. of Rev.,* 13 OTR 343, 345 (1995)). ORS 308.205(1)[2] defines the "real market value" of both real and personal property as "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller [in exchange for the property], each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year." OAR 150-308.205-(A)(2)(a) (2010) sets out three "approaches" that Plaintiff "must" consider when determining the real market value of property: the sales comparison approach, cost approach, and income approach.

/ / /

---

[2] All references to Oregon Revised Statutes (ORS) are to the 2009 edition.

*See* ORS 308.205(2). Plaintiff did not use any of the three approaches. Defendant relied on the sales comparison approach.

"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427. Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." *Schaefer v. Dept. of Rev.*, TC No 4530, WL 914208 at *2 (July 12, 2001) (citing *Feves v. Dept. of Rev.*, 4 OTR 302 (1971)). This court has stated that "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the [real market value] of their property." *Poddar v. Dept. of Rev.*, 18 OTR 324, 332 (2005) (quoting *Woods v. Dept. of Rev.*, 16 OTR 56, 59 (2002) (citation omitted), *vac'd and rem'd in part on other grounds*, 341 Or 186, 139 P3d 962 (2006). Competent evidence includes appraisal reports and sales adjusted for time, location, size, quality, and other distinguishing differences, and testimony from licensed professionals such as appraisers, real estate agents and licensed brokers.

Plaintiff offered his own testimony as an Oregon licensed real estate broker in support of his requested real market value. He did not submit an appraisal report. Plaintiff's only evidence to rebut Defendant's appraisal report was his belief that the real market value of the subject property was incorrect based on comparable sale data that he collected. Because Plaintiff failed to follow the court's exhibit evidence rules, the court did not have access to Plaintiff's evidence. Even though Plaintiff testified that he believed the real market value of the property was incorrect, Plaintiff as a real estate broker listed the subject property for sale at a price approximately $200,000 more than he believes the real market value of the property was as of the assessment date.

/ / /

Plaintiff's evidence in support of his requested real market value reduction is inconclusive. When the "evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990). Plaintiff has failed to carry his burden of proof.

Even though the burden has not shifted, the court has jurisdiction to determine the "real market value or correct valuation on the basis of the evidence before the court * * *." ORS 305.412. Defendant's comparable sales approach supports the real market value on the tax roll.

### III. CONCLUSION

After a review of the Plaintiff's testimony, the court concludes that Plaintiff failed to carry his burden of proof. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ⎯⎯ day of May 2012.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on May 21, 2012. The Court filed and entered this document on May 21, 2012.*

DECISION  TC-MD 111120D                                                                 4