IN THE OREGON TAX COURT
REGULAR DIVISION

Charles WOODS,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*
*and*

GRANT COUNTY ASSESSOR,
*Intervenor-Defendant.*

(TC 4566)

Charles Woods, Plaintiff (taxpayer), argued the cause *pro se*.

Wendy Sanderson, Assistant Attorney General, Department of Justice, Salem, filed the Answer, but did not argue the cause for Defendant (the department).

Mike Kilpatrick, Mt. Vernon, argued the cause for Intervenor-Defendant (the county).

Decision for Defendant and Intervenor-Defendant rendered August 6, 2002.

## HENRY C. BREITHAUPT, Judge.

Plaintiff (taxpayer) appeals the 1999-2000 assessed value for land and improvements located in Grant County Oregon. Taxpayer asserts that the assessed value of the property should be no more than $18,070, the same assessed value as applied to the property for the prior year. The county has entered an assessed value for the subject property of $90,370, based on real market value (RMV) findings of $44,710 for the land in question and $91,060 for the structures on the land.

Trial was conducted by telephone.

### FACTS

The tax lot in question consists of 72.37 acres, 40 acres of which are assessed under the specially assessed timber program. The remaining 32.37 acres of the subject property are assessed at market value. At the center of this dispute is the appropriate value to be assigned to a partially completed structure and related land improvements as of the assessment date, January 1, 1999. Construction of the structure in question began in 1998 and was approximately 43.5 percent complete as of January 1, 1999.

As of January 1, 1999, separate legal proceedings were pending. Those concerned compliance by taxpayer with applicable zoning and land use rules in connection with the construction of the improvements in question here. Although taxpayer had obtained certain permits and approvals, the actual construction undertaken on the improvements in question apparently exceeded those permits and approvals. On September 6, 2000, based upon stipulations of the parties to the land use dispute, the Grant County Circuit Court entered a Judgment enjoining further construction of the improvements and directing that the improvements be demolished. In accordance with that Judgment, the improvements were dismantled or demolished.

### ISSUE

Should the assessed value of the land and improvements in question be reduced from what is currently on the rolls?

## ANALYSIS

■ Taxpayer asks this court for a judgment declaring that the assessed value of the subject property for the year in question was $18,070. The county prays for "a judgment of this court in its favor * * *." Due to the repeal of ORS 305.435, this court will not find property values outside the limits of the values pleaded by the parties. *Chart Development Corp. v. Dept. of Rev.*, 16 OTR 9, 14-15 (2001). That is, the value found by this court will be a value at one of the levels pled by a party or between the value levels pled by the parties. Taxpayer has requested a specific finding as to assessed value.[1]

The county did not plead a specific assessed value (or real market value), but requested a "judgment in its favor." This court's reasoning in the *Chart Development* Opinion was that concerns regarding fairness, surprise, and overall administration of the property tax system led to a conclusion that a party should not be permitted to have a judgment for position better than that requested in its pleadings (including amended pleadings and pleadings amended to conform to proof). In this case, the county's pleading will be construed as requesting real market and assessed value findings equal to those currently on the rolls of the county. That construction of the county's pleading could not come as a surprise to taxpayer or the department. In addition, the county has in fact taken action based on its real market and assessed value findings and a request for a "judgment in its favor" will be construed as a request to deny taxpayer's requested relief of some change to the real market and assessed value conclusions reflected in the tax roll of the county.

■■ Taxpayer has the burden of proof. ORS 305.427.[2] At the trial, taxpayer's only witness was the county assessor. Although taxpayer sought in his examination of the assessor to criticize and demonstrate weaknesses in the assessment

---

[1] It should be noted that typically it may be both more proper and more understandable to plead real market value positions in addition to or rather than assessed value positions, given the often complex relationship between real market values, maximum assessed values, and assessed values under the property tax regime in Oregon after the adoption of Measure 50.

[2] All references to the Oregon Revised Statutes (ORS) are to 1999.

methodology employed by the assessor, taxpayer did not provide competent evidence to establish either a RMV or an assessed value for the property as of the assessment date in question. As this court has pointed out, it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the RMV of their property. *King v. Dept. of Rev.*, 12 OTR 491 (1993). Taxpayer has raised some question regarding the county's methodology of relying on the cost indicator in valuing his property. However, as this court pointed out in *Watkins v. Dept. of Rev.*, 14 OTR 227 (1997), there is rarely a market for partially completed structures and assessors commonly use a cost approach of the type employed by the assessor in this case. Although there is no presumption of assessment validity in Oregon, *J.R. Widmer, Inc. v. Dept. of Rev.*, 261 Or 371, 377-78, 494 P2d 854 (1972), ORS 305.427 requires that a taxpayer who is dissatisfied with an action of a county or other taxing agency must establish by competent evidence what the appropriate value of the property was as of the assessment date in question.

The court understands taxpayer's frustration with property tax valuations by a county that was contesting the legality of the structure as of the assessment date. The judgment in that contest was, however, a later event. The foreseeability of that event as of the assessment date in question, some 20 months earlier, was not established by taxpayer by a preponderance of the evidence. Nor did taxpayer establish the possible effect an adverse land use ruling would have had on the property's value.

The court finds that taxpayer has failed to carry his burden of proof. He has not established that the real market or assessed value of the property in question is less than that entered on the rolls. Taxpayer is not entitled to any relief and is not entitled to an order from this court directing any changes to the assessment roll of the Grant County Assessor. Judgment will be entered consistent with this Opinion. Costs to neither party.