DECISION
Plaintiff appeals the 2009-10 real market value of property identified as Account R316626 (subject property.) A telephone trial was held on November 29, 2010. Plaintiff appeared on his own behalf. Scarlet Weigel (Weigel), Residential Supervisor, Multnomah County Assessment and Taxation, appeared on behalf of Defendant. Scott Carver (Carver), Residential Appraiser, Multnomah County Assessment and Taxation, testified on behalf of Defendant. Defendant's Exhibit A was received without objection.
At the beginning of the trial, Plaintiff stated that he agrees that the real market value of the subject property's "structure" is $252,270, the same real market value as stated on the 2009-10 tax roll. Plaintiff stated that he is disputing the 2009-10 land real market value.
 I. STATEMENT OF FACTS
Plaintiff testified that based on "land sales in his area" the land real market value of the subject property should be no more than $100,000 as of January 1, 2009. He testified that he is relying on three land sales he submitted to the Multnomah County Board of Property Tax Appeals on December 30, 2010, to support his land value request.[1] In response to Defendant's question as to the sale dates, Plaintiff responded that he was waiting for information from a *Page 2 
"Barbara Sue Seals' realtor" for a sale that occurred "three months ago." He stated that that land parcel sold for $100,000, the value he is requesting for the subject property as of January 1, 2009. Plaintiff referenced the tax roll assessed values of four properties in his area, questioning why his assessed value is so much greater than those four properties. (Ptf's ltr, Aug 23, 2010.) Weigel responded, stating that the parties have had "numerous conversations" about that subject and provided information showing how the maximum assessed value of the subject property was determined in 1997 and each year thereafter.
Carver reviewed eight land sales, testifying that the land was located in Plaintiff's "market area." (Def's Ex A-16.) He testified that sales 1, 3, 5, and 8 are all zoned "RF" like the subject property. Carver stated that he placed the most weight on sales 1, 3, and 8 because each was "on septic and well water" and "had limited city services." He testified that each sale date was adjusted to the assessment date. The adjusted sale prices for those three sales ranged from $212,000 to $336,600. (Id.) Carver concluded that the indicated land value as of the assessment date was $235,000. (Id.) He stated that Defendant is not requesting that the 2009-10 land real market value in the amount of $215,000 be changed.
 II. ANALYSIS
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief." ORS 305.427 (2005) (emphasis added). Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence."Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citingFeves v. Dept. of Rev., 4 OTR 302 (1971)). This court has stated that "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent *Page 3 
evidence of the RMV of their property." Poddar v. Dept. of Rev.,18 OTR 324, 332 (2005) (quoting Woods v. Dept. of Rev.,16 OTR 56, 59 (2002) (citation omitted). Competent evidence includes appraisal reports and sales adjusted for time, location, size, quality, and other distinguishing differences, and testimony from licensed professionals such as appraisers, real estate agents and licensed brokers.
Plaintiff submitted no evidence of the subject property's land real market value as of the assessment date. Plaintiff did not submit an appraisal report and did not testify as an expert who was trained and licensed in property valuation. Plaintiff relied on his own opinion of value without any third party testimony or evidence to support his opinion.
 III. CONCLUSION
After careful consideration of the testimony and Defendant's evidence, the court concludes that Plaintiff did not carry his burden of proof. The Multnomah County Board of Property Tax Appeals' Order to sustain Defendant's 2009-10 tax roll values is upheld. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of February 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.This document was signed by Presiding Magistrate Jill A. Tanneron February 16, 2011. The Court filed and entered this documenton February 16, 2011.
[1] Plaintiff stated that those documents were attached to his Complaint. The only document attached to his Complaint was the Multnomah County Board of Property Tax Appeals Order.