DECISION
Plaintiffs appeal the 2009-10 real market value of their property identified as Account 57636 (subject property). A telephone trial was held on December 1, 2010. Plaintiff Lawrence E. Schnabel appeared and testified on behalf of Plaintiffs. Connie McCleary (McCleary), Registered Appraiser II, Clatsop County Department of Assessment and Taxation, appeared and testified on behalf of Defendant.
Defendant's Exhibits A through E were received.
 I. STATEMENT OF FACTS
Plaintiff testified that the 2009-10 real market value of the subject property was set on the date of the auction, November 1, 2009. Plaintiff testified that he successfully prevailed at the auction and closed on the purchase of the subject property on December 18, 2009, paying $206,000. Plaintiff testified that his purchase even though it occurred eleven and one-half months after the assessment date is relevant to the real market value as of January 1, 2009, citing Chart Development Corp. v. Dept. ofRev., 16 OTR 9. He also quoted from a case entitledRhodes, stating that "the sale of the subject property is precedence if there are no other comparable sales." Plaintiff testified that, based on his research, property values in the Portland area "were slightly, 2 percent, up" during calendar year 2009. *Page 2 
McCleary testified that she identified six sales as comparable to the subject property. (Def's Ex A at 8.) She testified that the subject property was built as part of Phase II, Cannery Lofts. The six properties she identified as comparable to the subject property are located in Phase II, Cannery Lofts. (Id.) Two properties that she identified as most comparable to the subject property are located on the same floor (fourth) as the subject property. (Id.) Those two sales occurred in December 2008 and were for $429,900 and $460,067. (Id.) Plaintiff testified that the individual who paid $429,900 for that condominium unit entered into a contract to purchase as of November 17, 2007. McCleary testified that the warranty deed in the amount of $429,900 was recorded December 12, 2008, and the county relies on the deed recording date as the date of sale. (Def's Ex C at 5.) McCleary testified that
 "[a]s a result of my inspection of the subject property, and the sold/listed properties submitted as evidence, my opinion of the market value of the subject as of January 1, 2009 is:
 FOUR HUNDRED FORTY-FIVE THOUSAND DOLLARS ($445,000)."
(Def's Ex A at ii.) McCleary testified that the county agrees that the real market value for the subject property declined in 2009. She testified that the auction sales reduced the values and commented that, in contrast to Phase II, the units in Phase I "sold right away." McCleary testified that the real market value for the subject property as of January 1, 2010, is $191,350.
 II. ANALYSIS
The issue before the court is the 2009-10 real market value of Plaintiffs' property. Real market value is the standard used throughout the ad valorem statutes except for special assessments. See Richardson v. Clackamas County Assessor, TC-MD No 020869D, *Page 3 
WL 21263620, at *2 (Mar 26, 2003) (citing Gangle v. Dept. ofRev., 13 OTR 343, 345 (1995)). Real market value is defined in ORS 308.205(1)[1], 1 which reads:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
A. Approaches of Valuation — Real MarketValue
There are three approaches of valuation (cost, income, and comparable sales) that must be considered in determining the real market value of a property even if one of the approaches is found to not be applicable. See
ORS 308.205(2) and OAR 150-308.205-(A)(2). The subject property is primarily a residential structure. Defendant's appraisal report relied on the comparable sales approach. Neither party considered the cost approach or the income approach.
In a case such as the one before the court, the comparable sales approach "`may be used to value improved properties, vacant land, or land being considered as though vacant.'" Chambers ManagementCorp v. Lane County Assessor, TC-MD No 060354D at 6 (Apr 3, 2007), citing Appraisal Institute,The Appraisal of Real Estate 335 (12th ed 2001).
Plaintiffs did not determine value using any of the three approaches of valuation. Plaintiffs relied on the purchase price paid for the subject property and did not adjust the purchase price to the date of assessment. Plaintiffs' purchase occurred at an auction held almost 12 months after the assessment date. Plaintiff presented no evidence to support his opinion that real market values for property in his area increased approximately two percent. In contrast, McCleary testified that the county reduced the subject property's real market value on the tax roll approximately 57 percent between January 1, 2009, and January 1, 2010. If the court were to time trend Plaintiffs' purchase price, $206,000, using the county's time trend factor, the real *Page 4 
market value of Plaintiffs' property as of January 1, 2009, would be approximately $479,000. That time trended value is in excess of McCleary's opinion of the subject property's real market value as of January 1, 2009.
The statutory definition of real market value requires that the sale transaction be an arm's length transaction between a willing buyer and a willing seller, "each acting without compulsion." ORS 308.205(1). Plaintiffs' purchase does not meet the statutory definition. The subject property was offered for sale at auction. An auction is defined as a "sale of property to the highest bidder." (Webster's Third Int'l Dictionary 142 (unabridged ed 2002).) An auction eliminates the negotiation between the buyer and seller and requires buyers to negotiate with each other, generally leaving the seller out of the negotiation process. Plaintiffs allege that Defendant's reliance on a warranty deed recorded at a certain date does not meet the statutory definition of real market value as of the date of assessment. The court agrees with Plaintiffs that a contract negotiated months prior to an assessment date may not meet the statutory definition of real market value as of the assessment date. See Clackamas County Assessor v. Fulmer, TC-MD No 100407D at 5 (Feb 16, 2011.) (holding that "a negotiated contract dated months prior to the assessment date is not necessarily an arm's transaction between a willing buyer and willing seller as of the assessment date.") Plaintiffs presented no conclusive evidence to show that the warranty deeds recorded in December 2008 for property Defendant identified as comparable to the subject property were pre-construction negotiated contracts that did not meet the statutory definition of an arm's length transaction as of the assessment date. Plaintiffs offered no other evidence of value.
A review of the parties' evidence is governed by statute. "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the *Page 5 
evidence shall suffice to sustain the burden of proof. The burdenof proof shall fall upon the party seeking affirmative relief." ORS 305.427 (2005) (emphasis added). Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. ofRev., 4 OTR 302 (1971)). This court has stated that "it is not enough for a taxpayer to criticize a county's position."Poddar v. Dept. of Rev., 18 OTR 324, 332 (2005) (quotingWoods v. Dept. of Rev., 16 OTR 56, 59 (2002) (citation omitted.) Plaintiffs have not established "by a preponderance of the evidence" their requested real market value.
 III. CONCLUSION
After careful consideration of the testimony and evidence, the court concludes that Plaintiffs did not carry their burden of proof. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.
Dated this _____ day of February 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on
 February 22, 2011. The Court filed and entered this documenton February 22, 2011.
[1] References to the Oregon Revised Statutes are to year 2007. *Page 1