DECISION
Plaintiff appeals the 2010-11 real market value of land identified as Account R316626 (subject property). A trial was held in the Oregon Tax Court Mediation Center, Salem, Oregon on September 12, 2011. Plaintiff appeared on his own behalf. David Babcock, Appraisal Supervisor, Division of Assessment, Recording Taxation, Multnomah County Oregon, appeared on behalf of Defendant. Jeffrey Brown (Brown), Real Property Appraiser, Division of Assessment, Recording Taxation, Multnomah County Oregon, testified on behalf of Defendant.
Plaintiff's Exhibits A and B and Defendant's Exhibit A were received without objection.
At the conclusion of the trial, Defendant was unable to respond to the court's question, requesting the real market value that would result in Plaintiff receiving a property tax reduction. Defendant was requested to submit a compression analysis to the court and Plaintiff. Defendant submitted a document entitled TAX AND COMPRESSION WORKSHEET on September 15, 2011.
 I. STATEMENT OF FACTS
The parties described the subject property as a 1.94 acre of land located in Northwest Portland. The subject property is improved with a single family house; the improvement value is *Page 2 
not appealed.
Lebeck testified that the subject property is subject to three easements and the value of the subject property is "negatively impacted" by a fence built by his neighbor and annual flooding, resulting in repair to his "middle driveway" in the amount of $5,000. He concluded that damage from flooding reduces the value of his property.
Lebeck testified that he sold adjoining land for $10,000 per acre and he is "being generous" in concluding that the real market value of his land is $60,000. Lebeck referenced the sale of a neighboring property located at 9211 NW McKenna Drive. (Ptf's Ex B-8.) He testified that the neighboring property "eventually sold as an approved Short Sale for $302,000 on 3/12/2010." (Id.) In response to questions, Lebeck testified that the parcel size is .72 acres and the land originally sold for $429,000 in 2006. (Id.) Lebeck did not acknowledge whether the sale was a "distressed" sale or not.
In support of his requested land real market value, Lebeck submitted printouts of Multnomah County, Oregon Property Records for properties located on the same street as the subject property. (Ptf's Ex B-9, 10, 13 and 14.) The 2010 land value for each property with the exception of one property was equal or substantially more than the subject property's 2010-11 land real market value. (Id.) Lebeck submitted Metroscan Property Profile Multnomah (OR) for two neighboring properties. (Ptf's Ex B-11, 12.) One of the Metroscan Property Profiles stated a transfer date of "02/26/1998." (Ptf's Ex B-11.) The land parcels stated on those profiles were 1 acre and .89 acres in size. (Id.; B-12.) In his opinion, Lebeck testified that those properties are more comparable to the subject property than land in "Forest Heights."
Brown testified that he has been an appraiser for 20 years and for the last two years he has been employed by Defendant. Brown reviewed his comparable land sales analysis, listing *Page 3 
six different land sales adjusted for time, location, view and size. (Def's Ex A-3.) Brown's appraisal report stated that he gave equal weight to each of the sales:
 "All of the comparable sales are single lot sales which were given equal weight in the final estimate of real value for 01/01/2010 for the following reasons: #1, although requiring an adjustment for the tear-down home on the site, was the nearest sale to the county's o1/01/2010 appraisal date, as well as having the most similar site size of all the sales. #2, although requiring the largest adjustment for size, was the only comparable sale available that bracketed the subject's sit size on the upper end. #3, although a smaller site, was the second nearest sale to the county's 01/01/2010 appraisal date, and also required the least dollar amount of adjustments. #4, although the smallest site of the sales, clearly illustrates that even considerably smaller sites in the market area sell for more than the 2010/2011 real market value of the subject's site. #5, although the least proximate sale, has the second most similar site size to the subject, and is also the only sale to bracket the 01/01/2010 county appraisal date. Finally, #6, although the second least comparable site in terms of size, is the most proximate sale to the subject of all the sales."
(Def's Ex A-4, 5.) The adjusted sale prices of the five comparable properties ranged from $195,300 to $299,300. (Id. at 3.) Brown testified that he concluded that "the land sales analysis of this appraisal report supports a reasonable real market value of the subject property as of 01/01/2010 of $215,000." (Id. at 5.)
Lebeck questioned Brown's decision to select land sales located more than "eight" miles from the subject property. Brown testified that properties located up to "ten miles" from a subject property can be "reasonable, depending on the situation." Lebeck also questioned Brown's decision to include parcels "significantly smaller" than the subject property. Brown explained that he selected sales that "bracketed" the assessment date, selecting sales that occurred prior to and after the assessment date. Brown explained that he selected property with similar "overlays, including zoning, easements and other conservation or protection restrictions" as imposed on the subject property.
 II. ANALYSIS
The issue before this court is the subject property's real market value for tax year *Page 4 
2010-11. "Real market value is the standard used throughout the ad valorem statutes except for special assessments." Richardson v.Clackamas County Assessor, TC-MD No 020869D, WL 21263620, at *2 (Mar 26, 2003) (citing Gangle v. Dept. ofRev., 13 OTR 343, 345 (1995)). ORS 308.205(1) defines the "real market value" of both real and personal property as "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller [in exchange for the property], each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."[1]
OAR 150-308.205-(A)(2)(a) sets out three "approaches" that Plaintiff "must" consider when determining the real market value of property: the sales comparison approach, cost approach, and income approach.[2] See ORS 308.205(2). Plaintiff did not use any of the three approaches.
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief." ORS 305.427 (2005). Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 5 (July 12, 2001) (citing Feves v. Dept. ofRev., 4 OTR 302 (1971)). This court has stated that "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the RMV [Real Market Value] of their property." Poddar v. Dept. of Rev.,18 OTR 324, 332 (2005) (quoting Woods v. Dept. of Rev.,16 OTR 56, 59 (2002) (citation omitted)). Competent evidence includes appraisal reports and sales adjusted for time, location, size, quality, and other distinguishing differences, and testimony from licensed professionals such as appraisers, real *Page 5 
estate agents and licensed brokers.
Plaintiff did not submit an appraisal report and did not testify as an expert who was trained and licensed in property valuation. Plaintiff relied on his own opinion of value without any third party testimony. Plaintiff submitted Defendant's property records without making any adjustments for time, size, or other differences, if any. Unfortunately, Plaintiff presented no competent evidence of the land real market value as of the assessment date.
Even though the burden has not shifted, the court has jurisdiction to determine the "real market value or correct valuation on the basis of the evidence pleaded by the parties". ORS 305.427. Defendant has supplied the court with an appraisal using the sales comparison approach which supports the real market value on the tax roll.
 III. CONCLUSION
After careful consideration of the testimony and evidence, the court concludes that Plaintiff did not carry his burden of proof. The Multnomah County Board of Property Tax Appeals' Order sustaining Defendant's 2010-11 tax roll land value is upheld. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ____ day of November 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR. Your Complaint must besubmitted within 60 days after the date of the Decision or thisDecision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A.Tanner on November 9, 2011. The Court filed and entered thisdocument on November 9, 2011.
[1] All references to Oregon Revised Statutes (ORS) are to the 2009 edition.
[2] All references to Oregon Administrative Rules (OAR) are to the 2010 edition.