IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DOUG S. SOWDEN,                              )
                                             )
            Plaintiff,                       )   TC-MD 120145D
                                             )
      v.                                     )
                                             )
LINCOLN COUNTY ASSESSOR                      )
and DEPARTMENT OF REVENUE,                   )
State of Oregon,                             )
                                             )
            Defendants.                      )   **DECISION**

Plaintiff appeals the real market value of property identified as Accounts R526957,

R526962, R526959, R526963, R526958, R526961, R526960, R30249 and R27823 (subject

property) for tax year 2011-12.  Plaintiff appeared on his own behalf.  Peter Boris (Boris)

appeared on behalf of Defendant Lincoln County Assessor.  Defendant Department of Revenue

filed a Motion to Dismiss Department of Revenue, stating that "the county is the party

responsible for the appraisal."  At the case management conference held May 9, 2012, Plaintiff

stated that he did not object to Defendant Department of Revenue's Motion.  With the agreement

of the parties, no one appeared at trial on behalf of Defendant Department of Revenue.

Plaintiff's Exhibit, pages 1 through 116, and Defendant's Exhibits A through G were

admitted without objection.

## I.  STATEMENT OF FACTS

Plaintiff's testimony consisted of reciting a summary of the list of documents submitted

to the court.  (Ptf's Ex at 115.)  In response to the court's questioning, Plaintiff testified that he

did not prepare the appraisal report submitted Plaintiff's Exhibit pages 24 through 77.  Plaintiff

concluded  that the "S corporation" paid for all the improvements and "has a Zero net profit."

(Ptf's Ex at 116.) He testified that his property taxes have increased "from $2,000 to $12,000." He testified that the "county has valued the property at $1.4 Million to $1.5 Million" and he does "not agree with the county's values."

Boris testified that he "reviewed the appraisal and found it to be compelling since the data available for an appraisal of condominium units on the central Oregon Coast is limited by the number of units available in the foreclosure market. I have accepted the value conclusions of the appraiser with two major exceptions." (*See* Def's Ex G at 1.) He testified that Plaintiff's appraiser "discounted the values," making value "a function of ownership." (*See* Def's Ex G at 1.) Boris testified that "[t]he concept of discounting for multiple property ownership has been discredited by the Oregon Supreme Court in both of the decisions cited here. See defendant exhibits E & F." (*See id.*) He testified that Plaintiff's appraiser "decided the minimally completed commercial foundations on the remaining tax lots were without value. To say that construction that is not complete is without value is contrary to the spirit of the concept of value as brought forth by the Oregon Department of Revenue. Although incomplete, the value as determined by the percentage completed of the original design is still an improvement to be valued and taxed." (*See id.*)

Boris concluded his testimony by stating that "[a]s of this date, the listing price of the seven condominiums continues to exceed the Maximum Assessed Value of the units per the Lincoln County Assessor's Office records. [Plaintiff] is not aggrieved on these properties." (*Id.* at 2) He testified that "[g]iven that value is considered a range and that the purpose of the appraisal is to justify a liquidation value of loan collateral, I feel the values assigned by the Lincoln County Assessor's Office are justified by information provided." (*Id.*)

/ / /

## II. ANALYSIS

The issue before the court is the subject property's real market value as of January 1, 2011. In Oregon, all real property "not exempt from ad valorem property taxation or subject to special assessment shall be valued at 100 percent of its real market value." ORS 308.232.[1] ORS 308.205(1) defines real market value as:

> "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."

Real market value is determined by the particular methods and procedures adopted by the Department of Revenue. ORS 308.205(2). There are three approaches to valuation (income, cost, and sales comparison) that must be considered when determining the real market value of a property. *Allen v. Dept. of Rev.*, 17 OTR 248, 252 (2003); *Gangle v. Dept. of Rev.*, 13 OTR 343, 345 (1995); *see also* OAR 150-308.205-(A)(2)(a) (stating that all three approaches must be considered, although all three approaches may not be applicable to the valuation of the subject property). The valuation approach to be used is a question of fact to be determined on the record. *Pacific Power & Light Co. v. Dept. of Rev.*, 286 Or 529, 533, 596 P2d 912 (1979).

As the party seeking affirmative relief, Plaintiff bears the burden of proving that the subject property's real market value is incorrect on the tax roll. *See* ORS 305.427. Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." *Schaefer v. Dept. of Rev.*, TC No 4530, WL 914208 at *2 (July 12, 2001) (citing *Feves v. Dept. of Rev.*, 4 OTR 302 (1971)). Plaintiff must present the greater weight of evidence to support his requested real market value reduction. This court has stated that " 'it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent

---

[1] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2009.

evidence of the [real market value] of their property.'" *Poddar v. Dept. of Rev.*, 18 OTR 324, 332 (2005) (quoting *Woods v. Dept. of Rev.*, 16 OTR 56, 59 (2002) (citation omitted)). Competent evidence includes, "appraisal reports and sales adjusted for time, location, size, quality, and other distinguishing differences, and testimony from licensed professionals such as appraisers, real estate agents, and licensed brokers." *Danielson v. Multnomah County Assessor*, TC-MD No 110300D, WL 879285 (March 13, 2012). Evidence that is inconclusive or unpersuasive is insufficient to sustain the burden of proof. *Reed v. Dept. of Rev.,* 310 Or 260, 265, 798 P2d 235 (1990).

In the case before the court, Plaintiff submitted an appraisal report but the appraiser who prepared the report did not testify. (Ptf's Ex at 24-77.) The appraisal report stated a date of value as of July 19, 2011, a date more than six months after the assessment date. (*Id*. at 24.) Plaintiff did not consider any of the three approaches to valuation. Plaintiff submitted two exhibits labeled "Condominiums" for sales in 2010 and 2011, noting that those were "[s]ales from Lincoln County Assessors site (none of these are from Yachats)." (*Id*. at 13, 14, 16–18, 115.) Plaintiff did not adjust any of the properties for date of sale, location, condition, size, or other amenities to make a valid comparison to the subject property. Plaintiff provided listing information for the subject property that was after the assessment date and did not explain how this information could be used to determine the subject property's real market value as of the assessment date. (*Id*. at 1–7.) Plaintiff provided an email from a realtor, listing prices at which "the units would need to sell for cash." (*Id*. at 10.) The realtor did not testify and no supporting documentation was submitted. Plaintiff submitted data for "Home Sales," "Duplexes / Triplexes," "Homes With View," "Land With View," and "Commercial – Industrial Land," but ///

did not explain how that information should be used by the court to determine the real market value of the subject property, condominiums and commercial property.  (*Id*. at 11–12, 20–23.)

Plaintiff's evidence in support of his requested real market value reduction is inconclusive.  When the "evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." *Reed*, 310 Or at 265.  Unfortunately, Plaintiff has failed to carry his burden of proof.

Even though the burden has not shifted under ORS 305.427, the court has jurisdiction to determine the "real market value or correct valuation on the basis of the evidence before the court, without regard to the values pleaded by the parties." ORS 305.412.   Boris did not submit an appraisal report; he accepted Plaintiff's appraisal report with two exceptions.  (Def's Ex G at 1.)  Boris's "two exceptions" were supported by Oregon case law.  (*Id*.)  Plaintiff offered no evidence to rebut Boris's conclusions.

III.  CONCLUSION

After careful consideration of the testimony and evidence, the court concludes that Plaintiff failed to carry his burden of proof.  Because there is insufficient evidence for the court to determine the subject property's real market value as of the assessment date, Defendant's (Lincoln County Assessor) determination of the subject property's real market value is accepted.  Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of August 2012.


_____
JILL A. TANNER
PRESIDING MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on August 15, 2012. The Court filed and entered this document on August 15, 2012.*