IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

HENDRA KUSUMA )
and MEGAWATI HASAN, )
 )
Plaintiffs, ) TC-MD 210022R
 )
v. )
 )
WASHINGTON COUNTY ASSESSOR, )
 )
Defendant. ) **DECISION**

Plaintiffs appeal Defendant's denial of a property tax discount and assessment of interest

for the 2020-21 tax year. Trial was held remotely on August 16, 2021. Plaintiffs were

represented by Plaintiff Hendra Kusuma (Kusuma). Defendant was represented by Jason Bush,

Assistant County Counsel. Nathan Friedman (Friedman), Director of Operations for Biller

Solutions from Defendant's payment processor, FIS, testified on behalf of Defendant. Theresa

Ellis (Ellis), Defendant's Property Tax Supervisor, also testified on behalf of Defendant.

Plaintiffs' Exhibits 1 through 8 were received without objection. Defendant's Exhibits A

through G were received without objection.

## I. STATEMENT OF FACTS

Defendant mailed Plaintiffs a property tax statement for account number R2006907

(subject property) for the 2020-21 tax year. (Am Compl at 4.) The statement showed an

assessed tax of $13,257.07, and included a provision for a three percent discount, to $12,859.36,

if paid in full by November 16, 2020. (*Id.*)

On November 11, 2020, Kusuma attempted to pay the subject property tax in full to take

advantage of the three-percent discount, using Defendant's online automated clearinghouse

(ACH) payment option. After making the payment, Kusuma received a "Tax Receipt" (Receipt

1) showing payment of $12,859.36, effective November 11, with actual payment to occur on November 12. (Def's Ex D.) Receipt 1 had the thirteen-character receipt number "WASH-2020-70172". (*Id.*) This receipt number format was a departure from the receipt number formats of Plaintiffs' 2007 through 2019 online payment receipts, all of which contained only seven numerals. (Ptfs' Ex 6 at 3.)

Defendant utilizes FIS, a financial technology company, to host its online payment program and facilitate credit card and ACH payments initiated on Defendant's website. (Def's Ex G at 1.) Once a taxpayer initiates an ACH payment on Defendant's website, FIS "fronts" the funds to Defendant. (Def's Ex A.) FIS is then reimbursed from funds released from the taxpayer's bank account upon acceptance of the ACH payment request. (*Id.*) It can take seven to ten days for a taxpayer's bank to either release funds to FIS or reject the ACH request. (*Id.*) FIS "fronted" the funds to Defendant based on Plaintiffs' attempted payment on November 11, 2020. (Def's Ex G at 1.) On November 18 Plaintiffs' bank rejected the ACH payment request, using reject code "R03." (*Id.*) The ACH request was rejected by Plaintiffs' bank listing the error code "No Acct/Unable to Locate." (*Id.*)

On November 19, Defendant emailed Plaintiffs advising them of the failed payment. (Am Compl at 2.) Plaintiffs called Defendant's office for more information. (*Id.*) After consulting FIS, Defendant called Plaintiffs back on November 25 to inform them that Plaintiffs had erroneously entered the tax account number in the "bank account number" field, so "payment was returned/declined by the bank." (*Id.*) Plaintiffs asked if they would still receive their discount and if they would be charged interest; Defendant's agent explained she would have a supervisor call Plaintiffs back. (*Id.*) Plaintiffs received a second call from Defendant's office on November 30, this time from Ellis, who explained that the discount would not be allowed,

and interest would be assessed on the outstanding balance. (*Id*.)

On November 30, Kusuma again attempted to pay the amount of tax due using Defendant's website, this time without the discount and including interest accrued in the amount of $58.92. (Def's Ex F.) Plaintiffs received a "Tax Receipt" (Receipt 2) showing payment of $13,315.99, on November 30, 2020. (*Id*.) The receipt number on Receipt 2 was "WASH-2020-205692". (*Id*.) This second attempted payment was successful. (Def's Ex G at 2.)

An FIS report (FIS Report) showed FIS processed 16,765 ACH payments for Defendant between January 1, 2020, to June 1, 2021. (Def's Ex G at 3.) A total of 99 of those payments, or 0.59 percent, failed with the same "R03" rejection code that Plaintiffs received. (*Id*.) Between October 25, 2020, and November 25, 2020, FIS processed 10,159 ACH payments, rejecting 80 with the "R03" error code, or 0.78 percent of payments for that month. (Def's Ex C at 20.)

## II. ANALYSIS

The issue is whether Plaintiffs are entitled to a refund of the three percent discount and interest when they attempted, but failed, to pay their property tax prior to the due date.

Plaintiffs bear the burden of proof by a preponderance of the evidence. *See* ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing the evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971); *Woods v. Dept. of Rev.*, 16 OTR 56, 59 (2002). When the evidence "is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990).

Property tax statements are sent to all persons owning taxable property within Oregon on or before October 25 of each year. ORS 311.250(1). Property tax payment are due on November 15. ORS 311.505. Taxpayers are granted a three percent discount on property taxes

paid in full on or before the November 15 due date. ORS 311.505(3). The three percent discount may also be allowed in certain circumstances, not relevant here, after November 15, where Defendant fails to send a property tax statement, in which case payment is due no later than 15 days after the property tax statement is received. *See* ORS 311.507; *see also* ORS 311.250(4). Interest is charged on property taxes that are not paid when due. ORS 311.505(2).

A.      *Parties' Arguments*

At trial, Defendant asserted that Plaintiffs' payment failed due to an error on their part in entering the correct account information and asks the court to uphold its determination as to the three-percent discount and interest charges. Plaintiffs took the position that an error in FIS's programming, caused the payment failure and that Defendant is responsible for their late payment. Alternatively, Plaintiffs argue that Defendant's delay in notifying Plaintiffs of the payment failure caused them to miss the due date. Plaintiffs ask the court to order Defendant to refund its three percent discount, interest, and the court's filing fee.

B.      *Programming Error*

In support of their argument that there was a programing error with the FIS software, Plaintiffs point to the change in format of tax receipt numbers, differences in processing time of payments, and differences Kusuma observed when navigating the online payment pages as evidence. The court will consider each briefly in turn.

1.      *"R03" error rates*

Plaintiffs argued that the higher average rate of "R03" errors that occurred during the period from October 25 through November 25 as compared with the period from January 1, 2020 to June 1, 2021 suggest a programming error in Defendant's online payments system. Plaintiffs are correct that a higher number of ACH payments were rejected due to the "R03" error in the

period October 25, 2020 to November 25, 2020. That is not surprising because there are a substantially higher number of payments made during the one-month period after property tax statements are mailed in late October, and there is an economic incentive, in the form of a three percent discount, if the tax is paid before the due date in mid-November.[1] The difference in "R03" error rates between January 1, 2020 to June 1, 2021 at 0.59 percent, and the period between October 25, 2020 to November 25, 2020, at 0.79 percent, is so small that it does not support Plaintiffs' theory of a systemic programming error.

2.      *Change in format of "Tax Receipt" numbers*

Plaintiffs allege that the change in receipt number formats from five numerals to six is evidence that the payment processing system was changed when FIS corrected the suspected programming error. Plaintiffs also observed that the receipt numbers were different from prior years. The court is not convinced this is evidence of an error in the payment processing system. Receipt number formats can change year to year. The number of numerals can increase for a variety of reasons. It is just as probable that Defendant received a sufficient number of payments from taxpayers in the period between the time tax statements were mailed and the deadline for payment that the receipt numbers increased from five to six digits — Defendant has the second largest county population in the state.[2]

3.      *Difference in payment processing time*

Plaintiffs argue that the extended timeframe for processing Plaintiffs' failed ACH payment is further evidence of a programming error. Plaintiffs refer to the "Transaction Details"

---

[1] Oregon law requires property tax statements be sent to property owners on or before October 25 each year and that at least one-third of property taxes be paid by the November 15 due date, or be paid in full by the November 15 due date in order to receive the three percent discount. ORS 311.250; ORS 311.505.

[2] The difference between Receipt 1, 70172, and Receipt 2, 205692, is 135,619. (*Compare* Ptfs' Ex 3 at 1, 3.)

in the FIS Report, which shows that their successful payments in 2017, 2018, 2019, and the successful November 30 payment, only required two to three days processing between initiation by Plaintiffs and being "accepted as successful." (Def's Ex G; Ptfs' Ex 4.) By contrast, the failed payment from November 11 took approximately eight days between initiation by Plaintiffs and rejection by Plaintiffs' bank.

Defendant's payment portal warns that it may take 7 to 10 day to process electronic payments. (Def's Ex C at 4.) Defendant also provided an analysis of how long it takes to process payment failures that is consistent with its stated processing time. (Def's Ex B at 1.) The evidence suggests that failed payments can result in longer processing times than successful payments. This makes sense, as the bank likely wants to take care not to reject a payment in error. The eight days between payment initiation and notice of payment failure sent to Defendant falls within the seven to ten-day timeframe. The court is not convinced that this timeframe for rejecting Plaintiffs' attempted payment is evidence a programming error.

4.     *Differences in online payment pages*

Plaintiffs claim that two pages, the "Payment Review" page with a "Process Payment" button at the bottom, and a payment confirmation page, were not present when Kusuma first attempted to make payment on November 11. Kusuma speculated that these differences are evidence of a change in the way FIS processed payments. In support, Plaintiffs provided screenshots of their November 30 payment. (*See* Ptfs' Ex 3 at 2.) Plaintiffs did not provide evidence of what Kusuma observed when navigating the online payment process pages during the attempted November 11 payment. Without evidence of what Kusuma saw on November 11, the evidence is not persuasive.

/ / /

5.    *Evaluation of the evidence on programming error*

The court finds Defendant's theory, that Plaintiffs mistakenly entered the property tax account number in the bank account number field more persuasive. The payment made on November 30, 2020, and the payments made in 2017, 2018, and 2019, all show the same last four digits of the bank account number in the FIS report. (*See* Def's Ex 4 at 2-3.) The last four digits on the November 11 payment show the account number as "6907," which does not match the last four digits on Plaintiffs other payments. (Def's Ex 4 at 1.) It does match the last four digits of the property tax account number. The court agrees with Defendant that the evidence suggests that Plaintiffs mistakenly entered their property tax account number in the field where they should have entered their bank account number, and that Plaintiffs' data entry error caused the failed payment.

This evidence further discredits Plaintiffs' allegation of a programming error. Plaintiffs have not established by a preponderance of the evidence that FIS caused the payment to fail and that Defendant is therefore responsible for the failed payment.

C.    *Plaintiffs' Allegation that Defendant Caused Late Payment by Delaying Notification*

Plaintiffs argue Defendant's delay in notifying Plaintiffs of the payment failure caused Plaintiffs to miss the due date. (Am Compl at 2-3). This court has long held it "is ultimately the responsibility of the property owner to see that the taxes are paid." *Payne v. Lane County Assessor*, TC-MD 050964C, WL 845235 (Or Tax M Div, Mar 30, 2006). In *Docekal & Moyer LLC v. Clackamas County Assessor*, TC-MD 110863C, WL 1245610 (Or Tax M Div Apr 10, 2012) this court upheld denial of discount and assessment of interest when tax was paid late due to erroneous return of a taxpayer's check by the taxpayer's bank; the assessor there delayed notifying the taxpayer of the failed payment, and the court ruled that "[b]ecause knowledge of

one's duty to timely pay property taxes is presumed, a county's failure to notify a taxpayer is insufficient ground for canceling interest charges or reinstating a discount." Plaintiffs here had the ability to monitor their checking account for the withdrawal of funds, and to investigate if funds had not been withdrawn in the expected timeframe. As discussed above, it can take between seven and ten days for an ACH payment initiated on Defendant's website to be fully processed. Defendant notified Plaintiffs of the issue on November 19. (Am Compl at 2.) Even if FIS or Defendant had notified Plaintiffs on the afternoon of November 18, when FIS received the rejection from Plaintiffs' bank, Plaintiffs' payment would have still been late, rendering them ineligible for the discount and subject to accruing interest. Thus, Defendant's failure to notify Plaintiffs could not have caused them to miss their payment due date.

## III. CONCLUSION

After careful consideration, this court finds Plaintiffs have not met the burden of proof to show that they were eligible for a discount on their 2019-20 property tax statement. Plaintiffs are liable for interest due to their late payment under ORS 311.505. Each party must bear their own costs. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this _____ day of January 2022.

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*Some appeal deadlines were extended in response to the Covid-19 emergency. Additional information is available at* ***https://www.courts.oregon.gov/courts/tax***

*This document was signed by Magistrate Richard Davis and entered on January 11, 2022.*