IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DONALD L. JONES,                                    )
                                                   )
                    Plaintiff,                     )   TC-MD 111034D
                                                   )
            v.                                     )
                                                   )
LANE COUNTY ASSESSOR                               )
and DEPARTMENT OF REVENUE,                         )
State of Oregon,                                   )
                                                   )
                    Defendants.                    )   **DECISION OF DISMISSAL**

        This matter is before the court on Defendant Department of Revenue's (Defendant) letter,

dated July 25, 2012, stating that because Plaintiff has not presented "any valuation information

from a real estate professional or an appraiser, the department must reassert its position that

Mr. Jones does not qualify for the Senior and Disabled Property Tax Deferral Program, due to

the fact that his property's value exceeds the limits imposed under ORS 311.670(2) (2011)."

        In its Motion to Amend Answer (Motion), Defendant stated that "[a]s of the date of the

deactivation of plaintiff's property from the deferral program, the last certified assessment and

tax roll was the 2010/2011 roll.  The RMV of plaintiff's property on the 2010/2011 property tax

roll was $242,106 which exceeded 120% of the county median RMV of $193,008, which is the

limit for homesteads that the taxpayer has owned and lived in for at least nine but less than

eleven years under ORS 311.670(2)(c)."  (Motion at 2.)

        A case management conference in the above-entitled matter was held on June 25, 2012.

Plaintiff appeared on his own behalf.  Melisse S. Cunningham, Senior Assistant Attorney

General, Department of Justice and Kathy Stevens, Oregon Department of Revenue, appeared on

behalf of Defendant.  At the conclusion of the conference, Plaintiff agreed to determine how he

planned to proceed to prove the real market value of his property as of January 1, 2010.

In 2011, the Oregon legislature passed House Bill (HB) 2543 (2011), amending the requirements for participation in the Senior and Disabled Property Tax Deferral Program. Or Laws 2011, ch 723 §§ 1-32. HB 2543 amended ORS 311.670(1)[1] to state in part:

> "(a) a homestead is not eligible for deferral * * * if the real market value of the homestead entered on the last certified assessment and tax roll is equal to or greater than
>
> * * * * *
>
> (c) 120 percent of the county median RMV if, as of April 15 of the year in which the claim is filed, the taxpayers have continuously owned and lived in the homestead at least nine years but less than 11 years."

Or Laws 2011, ch 723 § 3(2)(c). HB 2543 took effect September 29, 2011. (*Id.* at § 32.)

ORS 311.666(1) defines the county median real market value against which a participant's property value will be measured:

> " 'County median RMV' means the median real market value *entered on the last certified assessment and tax roll* for all residential improved properties in the county in which a homestead is located."

(Emphasis added.)

As the party seeking affirmative relief, Plaintiff bears the burden of proving that the subject property's real market value is incorrect on the tax roll. ORS 305.427. Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." *Schaefer v. Dept. of Rev.*, TC No 4530 at 4 (July 12, 2001) (citing *Feves v. Dept. of Revenue*, 4 OTR 302 (1971)).

Plaintiff must present the greater weight of evidence to support a real market value reduction. This court has stated that "it is not enough for a taxpayer to criticize a county's

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011 unless otherwise stated.

position. Taxpayers must provide competent evidence of the [real market value] of their property." *Poddar v. Dept. of Rev.*, 18 OTR 324, 332 (2005) (quoting *Woods v. Dept. of Rev.*, 16 OTR 56, 59 (2002) (citation omitted)). Competent evidence includes, "appraisal reports and sales adjusted for time, location, size, quality, and other distinguishing differences, and testimony from licensed professionals such as appraisers, real estate agents, and licensed brokers." *Danielson v. Multnomah County Assessor*, TC-MD No 110300D at 7 (March 13, 2012). Evidence that is inconclusive or unpersuasive is insufficient to sustain the burden of proof. *Reed v. Dept. of Rev.,* 310 Or 260, 265, 798 P2d 235 (1990).

On July 26, 2012, the court was provided with a copy of a letter dated July 7, 2012, written by Plaintiff, stating:

> "With reference to my case #111034-D, Telephone Conference 6-25-2012 at 1 PM. I don't understand the connection between the Reverse Mortgage Payments and the Senior – Disabled Property Tax Deferral Program. My insurance company (State Farm (Home/Auto/Life) doesn't do appraisals and I cannot afford to have it done."

In his letter, Plaintiff informed the court that he will not be submitting any evidence of real market value. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed for lack of prosecution.

Dated this ____ day of August 2012.

JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*
*This document was signed by Presiding Magistrate Jill A. Tanner on August 2, 2012. The Court filed and entered this document on August 2, 2012.*