IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| DAVID GREY, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 120265N |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appealed the real market value of properties identified as Accounts R592874, R592877, R592882, R592878, and R592876 (subject properties) for the 2011-12 tax year. A telephone trial was held on November 14, 2012. Dean Grey (Grey), subject property manager, appeared and testified on behalf of Plaintiff. Barry Dayton, Oregon Registered Appraiser, Multnomah County Assessment & Taxation, appeared on behalf of Defendant. Michael Watson (Watson), Oregon Registered Appraiser, Multnomah County Assessment & Taxation, testified on behalf of Defendant. The court received Plaintiff's Exhibits 1, 2, and 3, and Defendant's Exhibits A, B, and C. Defendant objected to Plaintiff's Exhibit 1, an appraisal of one of the five subject properties by Ken W. Hickman (Hickman), because Hickman was unavailable to testify at trial. The court agreed with Defendant that the appraisal by Hickman could not be given any weight.

I. STATEMENT OF FACTS

The subject properties are five condominiums built in 2007 and located in Multnomah County. (Def's Ex A at 3, 5, 10-12.) The parties agreed that Watson's physical description of the subject properties contained in his appraisal report is accurate. The subject properties each include two bedrooms and one or one and one-half bathrooms and differ only with respect to

size. (*Id.* at 10-12.)  Three of the subject properties are 813 square-feet, one is 773 square-feet, and one is 776 square-feet.  (*Id.*)

Grey testified that he is the property manager for the subject properties.  He testified that he is not a real estate broker or otherwise experienced with the sale of real estate.  Grey testified that Plaintiff hired an appraiser, Hickman, who completed an appraisal of one of the subject properties and concluded a real market value of $56,000 as of January 1, 2011.  (*See* Ptf's Ex 1 at 1, 5.)  Grey testified that he looked at sales of condominiums that occurred within three months of the January 1, 2011, assessment date and considered a real market value of $56,000 to be reasonable for each of the subject properties.  Plaintiff requests that the 2011-12 real market value of each of the subject properties be reduced to $56,000.

Watson testified that he used the sales comparison approach to determine the real market value of the subject properties.  (*See* Def's Ex A at 5-6.)  He testified that he identified 42 comparable sales that occurred close to the January 1, 2011, assessment date, of which he selected the three best sales to analyze in his report.  Watson's three comparable sales are all located on SE Bush St, approximately 0.35 miles from the subject properties.  (Def's Ex A at 10-12.)  He made adjustments for time, location, number of rooms, size, heating and cooling, and other amenities.  (*Id.*)  Watson testified that his comparable sales were described in the county's records as having been built in 1997, but his review of aerial maps of the comparable sales from 2001 and 2002 revealed that the comparable sales were in fact built in 2001.  (*See id.*; *see also* Def's Ex C.)  Watson testified that his comparable sales were renovated in 2006, rendering their effective age very similar to that of the subject properties.

Based on his comparable sales, Watson concluded that the 2011-12 real market value of each of the 813 square-foot properties was $96,000, the 2011-12 real market value of the 773

square-foot property was $94,400, and the 2011-12 real market value of the 776 square-foot property was $90,200. (Def's Ex A at 9-12.) The 2011-12 roll real market values of the subject properties ranged from $86,000 to $91,000. (Ptf's Compl at 4-8.) Defendant requests that the 2011-12 roll real market values be sustained.

## II. ANALYSIS

The issue before the court is the real market value of the subject properties for the 2011-12 tax year. "Real market value is the standard used throughout the ad valorem statutes except for special assessments." *Richardson v. Clackamas County Assessor* , TC-MD No 020869D, WL 21263620 at *2 (Mar 26, 2003) (citations omitted). Real market value is defined in ORS 308.205(1), which states:

> "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's length transaction occurring as of the assessment date for the tax year."[1]

The assessment date for the 2011-12 tax year was January 1, 2011. ORS 308.007; ORS 308.210.

The real market value of property "shall be determined by methods and procedures in accordance with rules adopted by the Department of Revenue * * *." ORS 308.205(2). The three approaches of value that must be considered are: (1) the cost approach; (2) the sales comparison approach; and (3) the income approach. OAR 150-308.205-(A)(2)(a). Although all three approaches must be considered, all three approaches may not be applicable in a given case. *Id.*

Plaintiff has the burden of proof and must establish his case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of

---

[1] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2009.

evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971) (citations omitted). "[I]t is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the [real market value] of their property." *Woods v. Dept. of Rev.*, 16 OTR 56, 59 (2002) (citations omitted). Competent evidence includes "testimony from licensed professionals such as appraisers, real estate agents[,] and licensed brokers." *Hausler v. Multnomah County Assessor*, TC-MD No 110509D, WL 5560673 at *4 (Nov 15, 2011). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." *Reed v. Dept. of Rev.,* 310 Or 260, 265, 798 P2d 235 (1990). "[T]he court has jurisdiction to determine the real market value or correct valuation on the basis of the evidence before the court, without regard to the values pleaded by the parties." ORS 305.412.

Plaintiff failed to present persuasive evidence in support of his requested reduction of the 2011-12 real market values of the subject properties. Plaintiff provided an appraisal report of one of the subject properties in support of his requested values. Unfortunately, Plaintiff's appraiser was not available to testify at trial and the court cannot rely on Plaintiff's appraisal report. Grey testified regarding several sales of condominiums close to the assessment date. However, Grey did not provide any supporting information about those sales and it does not appear that he adjusted the sales to make them comparable to the subject property. Furthermore, Grey is not a real estate broker or real estate appraiser. Plaintiff offered no other evidence in support of his requested real market values. Plaintiff failed to carry his burden of proof.

Watson, an experienced registered appraiser, presented persuasive evidence using the sales comparison approach in support of the 2011-12 roll real market values. Thus, there is no evidence before the court suggesting that the 2011-12 roll real market values of the subject properties are in error.

III.  CONCLUSION

After careful consideration, the court finds that Plaintiff failed to carry his burden of proof.  Defendant presented evidence supporting the 2011-12 roll real market values of the subject properties.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ___ day of January 2013.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on January 7, 2013. The Court filed and entered this document on January 7, 2013.*

DECISION  TC-MD 120265N                                                                                     5