IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| INTOWN LLC, CLIFFORD MAIER, and CHRISTA MAIER, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 160084C |
| v. | ) ) | |
| LINN COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL**[1] |

Plaintiffs appealed the 2015–16 real market value[2] of property identified as Account 108296 (subject property). Trial was held November 28, 2016, in the courtroom of the Oregon Tax Court. Plaintiffs Clifford Maier and Christa Maier appeared and testified. Janna L. Sanders, appraiser, appeared on behalf of Defendant. Plaintiffs' Exhibit 1 was admitted over Defendant's objection. Defendant's Exhibits A to J were admitted without objection. At the close of Plaintiffs' case-in-chief, Defendant moved to dismiss and the court granted Defendant's motion.

## I. STATEMENT OF FACTS

The subject property is a mini-storage facility in Albany. The land was purchased by its current owner in 1993, and construction of improvements was completed in 2010. (Compl at 2.) Its 2015–16 tax roll real market value was $659,800, and its 2015–16 assessed value was $517,630. (Compl at 3.) Plaintiffs requested a tax roll real market value "in the range" of their "original property cost": a land value of $25,000 and a "structures" value of $175,000. (2d Am

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered December 1, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] Plaintiffs' second Amended Complaint alleges an error in the subject property's maximum assessed value, but requests a reduction in real market value. Plaintiffs' arguments and evidence at trial exclusively addressed real market value.

Compl at 1.) Before making its motion to dismiss, Defendant had requested that the court increase the tax roll real market value to $721,800. (Answer at 1.)

At trial, Clifford Maier stated that he had requested a tax roll real market value equal to the cost he paid for the subject property—rather than equal to its market value—because he had not intended to place the subject property on the market.

Clifford Maier gave testimony regarding flaws in Defendant's valuation methodology. He testified that, after learning of Defendant's requested real market value, he had placed an advertisement in a newspaper for "7–10 days" listing the subject property for sale for $720,000, but did not receive any offers. He also testified that the subject property's driveway was used by other businesses that did not share in Plaintiffs' maintenance costs. He further testified that the final design of the buildings on the subject property varied somewhat from the plans submitted by Defendant into evidence. (*Cf.* Def's Ex C.)

## II. ANALYSIS

Properties not subject to partial exemption or special assessment are valued at the lesser of their maximum assessed value or their real market value. ORS 308.146(2); *see generally Comcast Corp. II v. Dept. of Rev.*, __ OTR __ (Sept 15, 2016) (slip op at 2). Maximum assessed value is calculated from a formula unless an exception applies. ORS 308.146(1), (3).[3] Real market value, on the other hand, is determined from the qualities of the property and of the market on the assessment date:

> "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."

/ / /

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

ORS 308.205(1). Assessors are required to consider all three standard approaches when determining real market value: the sales comparison approach, the cost approach, and the income approach. ORS 308.205(2); OAR 150-308-0240(2)(a).

Plaintiffs' only positive argument for the value of the subject property was found in their Complaint: that the subject property should be valued at the cost they incurred in purchasing the land in 1993, plus Plaintiffs' costs incurred in 2010 to build the structures.[4] (Compl at 2.)

Plaintiffs' argument does not properly describe the cost approach, in which "the value of a property is derived by adding the estimated value of the land to the current cost of constructing a reproduction or replacement for the improvements and then subtracting the amount of depreciation * * *" Appraisal Institute, *The Appraisal of Real Estate* (14th ed 2013) 47 (prior edition quoted in *Magno v. Dept. of Rev.*, 19 OTR 51, 55 (2006)). The costs incurred by Plaintiffs in purchasing land over 20 years before the assessment date would not provide a reliable estimation of that land's value. Likewise, their 2010 construction costs, standing alone, would not measure of the cost of constructing similar improvements as of the 2015–16 assessment date.

Plaintiffs' valuation methodology was therefore deeply flawed. What is more, Plaintiffs did not put on evidence to demonstrate the costs alleged in their Complaint. Instead, Plaintiffs concentrated on purported deficiencies in Defendant's appraisal. "As this court has pointed out, it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the [real market value] of their property." *Woods v. Dept. of Rev.*, 16 OTR 56, 59 (2002).

/ / /

---

[4] It is unclear whether Plaintiffs included the cost of site improvements such as road, power, water, and sewer in their "structures" value.

Defendant moved for dismissal at the close of Plaintiff's case-in-chief. Under TCR 60,[5] "[a]ny party may move for dismissal at the close of the evidence offered by an opponent or at the close of all the evidence." The court may grant such a motion if, "consider[ing] the entire record and afford[ing] the nonmoving party all reasonable inferences drawn therefrom, in the light most favorable to that party[,]" it finds that "the record contains no evidence to support the nonmoving party's claim or claims." *Freitag v. Dept. of Rev.*, 18 OTR 368, 373–74 (2005). Even admitting the truth of Plaintiffs' testimony and evidence—as, in fact, Plaintiffs' testimony did appear to be truthful—there remains no reasonable inference by which the real market value of the subject property as of January 1, 2015, could be established from the information Plaintiffs provided. Therefore, the court granted Defendant's motion to dismiss.

## III. CONCLUSION

Considering the evidence presented by Plaintiffs at trial in the most favorable light, the court found that it did not support Plaintiffs' claim for relief and granted Defendant's oral motion to dismiss. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' Complaint is dismissed.

Dated this ____ day of December 2016.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

---

[5] The Tax Court Rules (TCR) are used as a guide in the Magistrate Division to the extent relevant. Preface, Tax Court Rules–Magistrate Division.

*This document was filed and entered on December 20, 2016.*